McCay, Judge.
1. Under section 2891, Irwin’s Revised Code, damages for a tort may be increased by the expenses of litigation, if the defendant have shown himself specially litigious in the matter. This, declaration claimed such an increase on the ground of such litigiousness. The evidence offered was some evidence going to show it. Plaintiff offered to compromise — defendant refused— offered $30 00, etc. The evidence is very weak, it is true. It goes to prove it, and that is all; and had the jury, by their verdict,, found any such expenses,' we should hesitate to sustain it. But, under the proof, if they found for the plaintiff at all, their verdict is not more than it ought to be. The cow was proven by two witnesses to be worth more than the verdict, and there is no contradiction of these witnesses.
2. What constitutes negligence is eminently a question for the jury. For the Court to pronounce an accident “unavoidable,” would be an usurpation of power. In the very nature *of things, it must be a question of fact, whether, under a given set of circumstances, the accident was unavoidable. In this very case, is the- Court authorized to say that an engine cannot be stopped instantly? Is not that a fact for the jury? What is negligence and what is prudence, the law only defines by referring to the conduct of prudent men. How prudent men act is referred to the jury, who are presumed, by their habits of life, to have informed themselves upon the subject. We think, therefore, that the Judge was right in refusing to say to the jury that this or that state of facts would make the accident unavoidable. He might define the meaning of the word, but to say as was asked would be beyond his sphere. Nor do-we think this verdict so contrary to the testimony as to be illegal. We are not prepared to say that the company and its agents were-perfectly free from fault. Was it prudent to run at that speed,, at that place? Pías an engine driver the right to rush on, seeing cattle by the road side, and knowing, as he does, that often, in their fright at his huge machine, they will rush right before it? Pías anybody a right, even on his own land, to do a dangerous thing, unless he incloses that land against animals authorized by law to roam at large? -
3. We think there is enough testimony to justify this verdict, and it was for the jury to say which of the witnesses it believed.
Judgment affirmed.