3550.   MACON, DUBLIN & SAVANNAH RAILROAD CO. *v.*
BARFIELD.

There was sufficient evidence in the record to prevent this court's interfering with the verdict.
                    DECIDED NOVEMBER 20, 1911.

Action for damages; from city court of Dublin—Judge Hawkins. May 8, 1911.

*Minter Wimberly, Adams & Flynt, Akerman & Akerman,* for plaintiff in error.

POWELL, J. The railroad company killed the plaintiff's mule. The jury found for the plaintiff. Defendant's motion for a new trial was overruled, and it excepts.

If the engineer's testimony is to be taken as the truth of the transaction, the company was not liable. It is argued that the jury had no right to disregard this testimony. It is conceded that other

witnesses disputed his testimony as to whether he slackened his speed at the time he said he slackened it, and as to whether he sounded the cattle alarm as he said he sounded it. It is said that there is no conflict in his testimony, so far as it states that he was so close upon the mule before he discovered it that he could not have stopped his train in time to prevent striking it, and that, in spite of the conflict as to other matters, his testimony must be believed as to this, wherein he is not contradicted, and that this alone is sufficient to rebut the presumption of negligence. One of the ways to impeach a witness is to disprove material facts testified to by him, relating to the transaction in question. The testimony of the engineer that he threw on the brakes and brought about a slackening of the speed of the train, and that he sounded the cattle alarm, related to the res gestæ of the transaction, and if the jury believed the contradictory testimony of the other witnesses, and, hence, found that his statements as to these things were not true, they could have considered the engineer as impeached, and disregarded his testimony.

It is said, however, that the verdict was without evidence to support it, because it is not shown that the injury complained of occurred in Laurens county. The testimony of at least one of the witnesses locates the scene of the killing of the mule at a point less than a quarter of a mile from the defendant company's station at Rockledge, as he himself, according to his testimony, was about a quarter of a mile from the station, and the place where the mule was killed was between him and the station. By the act of August 17, 1908 (Acts 1908, p. 900), we are informed that the town of Rockledge is in the county of Laurens, and that its corporate limits extend " eight hundred yards in all directions from the depot of the Macon, Dublin & Savannah Railroad Company at Rockledge. " Hence every point on the company's track within a quarter of a mile of the station at Rockledge is in Laurens county. Therefore, even if the point as to the jurisdiction of the court may be made under the general grounds of the motion for a new trial, it is not well taken.                                *Judgment affirmed.*