5776. WESTERN & ATLANTIC RAILROAD COMPANY *v.* SMITH.

WADE, J. 1. Under the Civil Code, § 4392, and the decision of the Supreme Court in the case of *Selma &c. Railroad Co.* v. *Fleming,* 48 *Ga.* 515, it was not error to allow a suit for damages on account of the killing of a cow by a railroad company to be amended by allegations that both before and after the bringing of the suit, the defendant offered to pay to the plaintiff $50 in settlement thereof, agreeing that this amount would be a fair price for the cow and the amount actually due the plaintiff for killing her, and that the plaintiff "has accepted said offer and expressed a willingness to accept the said amount in full satisfaction," but the defendant "now refuses to pay the said amount, and has expressed" an intention to fight the case before all the courts before doing so; that this conduct on the part of the defendant is in bad faith, and it is being done in order to cause the plaintiff all possible trouble and expense, and the plaintiff is being damaged thereby; these allegations concluding with a prayer that therefore the plaintiff be allowed the

additional sum of $10 as expenses of litigation caused by the conduct of the defendant. Nor was it error to admit testimony, even though insufficient, tending to establish the allegations made in this amendment.

2. Where the killing of the plaintiff's cow by a train of the defendant was shown, and the plaintiff relied entirely on the legal presumption of negligence against the railroad company, a recovery was authorized, unless this presumption was fully overcome by the proof. Where there were apparent conflicts or contradictions as to material facts in the testimony of the defendant's fireman, by which it sought to explain the killing and to show an absence of negligence, and where from this testimony it appeared that no effort was made to stop the train, no brakes were applied, no bell was rung or whistle blown (because he did not think it necessary), and nothing was done to prevent the accident, though the animal was first seen by him when 25 or 30 feet distant from the train, coming from behind cars standing on the third or fourth track from the track on which the train was running, and the bell-cord was in touch of both the engineer and the fireman, and he testified that he did not have time, from the time he saw the cow until she was hit, to tell the engineer to stop, or to apply brakes, and the engineer testified that, although he was looking from his proper place in the cab on the right side of the engine, he failed to see the cow, and did not even know the train had struck the cow until the fireman afterwards told him, it was for the jury to determine whether or not the explanation offered in behalf of the defendant completely rebutted the presumption of negligence created by the killing of the cow; and they might legitimately have concluded that the explanation was insufficient; the credibility of the witnesses, as well as the question of negligence, being exclusively for them. *Southern Railway Co.* v. *Edwards*, 9 *Ga. App.* 26 (70 S. E. 194); *Macon &c. Railroad Co.* v. *Barfield*, 10 *Ga. App.* 104 (72 S. E. 936); *Seaboard Air-Line Railway* v. *Carnes*, 13 *Ga. App.* 122 (78 S. E. 864).

3. No error of law having been committed by the trial court, and the jury having decided the issue of fact in favor of the plaintiff, and the trial judge having declined in his discretion to set aside that verdict, this court will not interfere with his judgment overruling the defendant's motion for a new trial.    *Judgment affirmed.    Roan, J., absent.*

DECIDED SEPTEMBER 23, 1914.

Action for damages—appeal; from Fulton superior court—Judge Pendleton. May 20, 1914.

*Tye, Peeples & Jordan,* for plaintiff in error.

*Virlyn B. Moore,* contra.