7553.  ATLANTIC COAST LINE RAILROAD COMPANY *v.* WILLIS.

1. The jury were authorized to find that the presumption of negligence on the part of the railroad company, which arose on proof of the killing of the plaintiff's cow by a train of the company, was not rebutted by the evidence introduced by the defendant.

2. The amount of the verdict was supported by testimony which showed that the market value of the cow was at least that amount; and if error was committed in rulings as to the admissibility of other testimony,

offered to prove or to disprove a greater value, the error does not require a new trial.

DECIDED OCTOBER 18, 1916.

Action for damages; from city court of Quitman—Judge Long. May 18, 1916.

*Bennet & Branch, Russell Snow, S. T. Harrell,* for plaintiff in error. *J. G. McCall,* contra.

WADE, C. J. 1. The undisputed evidence showed that the plaintiff's cow was killed by the running of the locomotive and cars of the defendant, and the value of the cow was sufficiently proved. There was testimony tending to show that the cow killed by the engine of the defendant company came upon the track when the train was from 100 to 150 yards distant, and the engineer himself testified "that she was standing on the track when I first saw her—about 100 to 150 yards," all of which was in direct conflict with further testimony from the engineer that he did not see the cow "until she was on the track—she was down in the field or bank, and after I got close enough to see her it was too late—I could not see around the engine more than 100 feet." He testified also that "prior to the time I got close on her, I had been looking ahead—I was looking ahead when I got over that rise. The little rise east of where the cow was killed is about 200 or 300 yards, may be a quarter of a mile. I was looking ahead and when I came over the rise I did not see the cow;" but he did not testify that he was looking ahead continuously from the time he "came over the rise" until he saw the cow upon the track. The fireman was engaged in firing the engine and did not see the cow at all, and from the testimony it appears that the whistle was blown in answer to the signal of the brakeman only, and that no continued blast of the whistle was given in the attempt to frighten the cow from the track. There was also undisputed testimony that the track was straight for a considerable distance on either side of the point where the cow was killed. In view of the conflicts in the testimony of the engineer, and in view of the testimony as to the nature of the track, it was for the jury to determine whether the presumption of negligence, arising upon proof of the killing of the cow, was fully rebutted, or whether in fact the presence of the cow upon the track was discovered by the engineer as soon as possible and in time to prevent the injury, as might have been possible under the testimony if the cow was first

seen upon the track when at a distance of 150 yards, instead of when at a distance of 100 feet only. In view of the conflict in the testimony of the engineer, his credibility was especially a question for the jury. See *Western & Atlantic R. Co.* v. *Smith,* 15 *Ga. App.* 289 (2), 290 (82 S. E. 906), and cases there cited.

2. The amount of the verdict was supported by testimony which showed that the market value of the cow was at least that amount; and if error was committed in the admission of testimony offered to show, and the exclusion of testimony offered to disprove, a greater value than that fixed by the jury, the error does not require a new trial.

The trial court did not err in overruling the motion for a new trial.                                                  *Judgment affirmed.*