SOUTHERN RAILWAY CO. *v.* FARMERS UNION WAREHOUSE CO.

HILL, J. 1. Suit was brought against a railroad company for loss alleged to have been occasioned by the burning of a warehouse. The allegations as to the manner in which the fire occurred were: "While said engine was standing opposite said storeroom the employees of said company caused said engine to make a considerable exhaust or blowout, thereby causing a large number of sparks to be emitted from said engine and to be blown into said storeroom through an open window;" and, "The stopping of said engine opposite said storeroom and causing sparks and cinders to be blown into said building, as aforesaid, was improper conduct on the part of defendant company's employees." There was no allegation that the fire was set out by reason of any defect in the equipment of the engine. Over objection of the defendant, a witness for the plaintiff was permitted to testify: "As to my seeing any fire that was left after the exhaust was made to that engine, yes, sir, I have seen the pile of cinders after the engine passed over the track a lots of times;" and another witness was permitted to testify, over objection, as follows: "I have observed the movement of this particular train about blowing out cinders. Q. Where would they generally stop when they blew out cinders? . . A. They usually stopped the train right on the crossing south of the depot at the old warehouse, and drew the ash-pan out south of this crossing, is where they usually stopped." *Held,* that this testimony was irrelevant, and in a close case, like the present one, is cause for a new trial.

(*a*) The fifth ground of the amendment to the motion for a new trial, complaining of the ruling of the court with respect to the admission of certain testimony relating to a previous fire caused by an engine of the defendant, is not dealt with, for the reason that it does not appear from the assignment of error, taken in connection with the note of the judge appended thereto, that any definite ruling was made with respect to the admission of the evidence referred to.

2. In view of the fact that the ruling made in the first headnote necessitates a new trial, no decision will be made on the ground of the motion for a new trial complaining of the refusal to grant a nonsuit, nor as to the general grounds of the motion.

(a) There is no merit in the remaining grounds of the motion for a new trial.                    *Judgment reversed. All the Justices concur.*

NOVEMBER 17, 1916.

Action for damages. Before Judge Meadow. Hart superior court. September 22, 1915.

*A. G. & Julian McCurry,* for plaintiff in error.

*W. L. Hodges,* contra.