14416. GEORGIA SOUTHERN & FLORIDA RAILWAY CO. *v.* SHIVER.

STEPHENS, J. 1. Where the evidence presented the issue of comparative negligence, and the judge instructed the jury the rule in reference thereto, but thereafter charged them in such a way as to deprive the defendant of the benefit of that rule, the latter charge was error.

2. Where the court instructed the jury that a railroad company is liable for damage done to personal property by the running of its trains or locomotives, and that where such damage is done the presumption is against the company, it was not harmful to the defendant for the court in this connection to fail to instruct the jury that such liability was dependent upon the failure of the company to show that its agents had exercised ordinary and reasonable care and diligence, the court elsewhere in the charge clearly and fully instructing the jury that such presumption was not conclusive against the company, but was subject to rebuttal by the company making it to appear that its agents had exercised ordinary care and diligence.

3. The court properly instructed the jury that the plaintiff could not recover unless the negligence of the defendant was the proximate cause of the damage.

4. There being no evidence from which the jury could have inferred that the plaintiff's damage was caused by his consent, it was not error for the court to fail to charge tne jury that the plaintiff could not recover if he consented to the injury.

5. The court clearly charged the jury that damages for pain and suffering were to be determined solely by the enlightened consciences of an impartial jury; and the charge is not subject to the exception that the jury was instructed that this rule was applicable to damages other than to pain and suffering.

6. The charge is not subject to the exception that the court expressed an opinion upon the facts.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 1, 1924.

Action for damages; from city court of Valdosta—Judge Little. March 1, 1923.

*J. E. Hall, C. J. Bloch, Patterson & Copeland,* for plaintiff in error. *E. K. Wilcox, Taylor & Spurlin,* contra.