45151.   DOWDNEY v. SHADIX et al.

WHITMAN, Judge. 1. Where, as here, the plaintiff's witness, in plaintiff's suit for the alleged wrongful death of her husband, was asked to tell the jury what the decedent had told him in the hospital some 17 hours after the collision in response to questions by the witness who was conducting a company investigation of the accident, the trial court did not err in sustaining defendant's objection on the ground that it called for hearsay testimony. *Chrysler Motors Corp. v. Davis,* 226 Ga. 221 (173 SE2d 691). The statement made by the decedent after such lapse of time could not be considered "a part of the occurrence" so as to come within the res gestae exception to the hearsay rule. *Western & A. R. Co. v. Beason,* 112 Ga. 553, 557 (37 SE 863), and citations.

2.   Nor was the accident report made by the witness containing the decedent's statement admissible. A hearsay statement not otherwise admissible is not made admissible merely because it is reduced to writing. *Anderson v. Barron,* 208 Ga. 785, 791 (69 SE2d 874); *Wooten v. Life Ins. Co. of Ga.,* 93 Ga. App. 665 (3) (92 SE2 d 567).

3. Where an objection is made to testimony but no ruling is invoked, no question is presented for decision by a reviewing court. *Southern R. Co. v. Farmers' Union Warehouse Co.,* 146 Ga. 141 (1 a) (90 SE 860); *State Hwy. Dept. v. Harrison,* 115 Ga. App. 349 (4) (154 SE2d 723); *Augusta Roofing &c. Works v. Clemmons,* 97 Ga. App. 576, 577 (103 SE2d 583); *Ga. Southern & F. R. Co. v. Wilson,* 93 Ga. App. 94, 99 (91 SE2d 71). Therefore, enumeration of error No. 3 presents nothing for review.

4. The trial court did not err in not allowing the plaintiff to amend her petition at the close of her case to allege a violation of *Code Ann.* § 68-1643.1. This section provides that the public authority having jurisdiction shall erect signs designating the points of entrance to and exit from limited-access highways and shall also erect signs stating any restrictions on the manner of entering or leaving and that "when so erected all persons shall obey the instructions stated on such signs." *Code Ann.* § 81A-115 (b) allows amendments of the pleadings as

may be necessary to cause them to conform to the evidence. The collision in this case occurred at the intersection between Highway 92 (two lanes) and Interstate Highway I-20 (limited-access). The evidence is that the defendant and the decedent were both traveling south on Highway 92 in their respective vehicles and that the collision occurred when the defendant in the lead vehicle was turning left off Highway 92 and was hit in the left side by the decedent's vehicle which was passing on the left. The defendant was turning his car into one of the I-20 access ramps. (The plaintiff's petition alleged that this ramp was intended for use by northbound traffic only and that the defendant, who was traveling south, was negligent in turning left into this ramp. The charge of the court authorized the jury to find for the plaintiff on the basis of this allegation if they found from the facts that such occurred and was negligence and was the proximate cause of the decedent's death.) The evidence was that I-20 was under construction and not open for use. There was a "Road Closed" sign on the access ramp. But there was no evidence of the existence of any signs of the type to which *Code Ann.* § 68-1643.1 is addressed. Hence there was no error in not allowing the amendment.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*
ARGUED MARCH 2, 1970—DECIDED JUNE 30, 1970.

*Ray Gary, Robert E. Bach,* for appellant.
*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Randall L. Hughes,* for appellees.