## 51620. ALTAMAHA CONVALESCENT CENTER, INC. v. GODWIN.

S<small>UBMITTED</small> J<small>ANUARY</small> 15, 1976— D<small>ECIDED</small> J<small>ANUARY</small> 28, 1976.

*Albert E. Butler,* for appellant.

*Gibbs & Leaphart, Alvin Leaphart,* for appellee.

DEEN, Presiding Judge.

1. The defendant objects to the trial court's allowance of plaintiff's post-pretrial conference amendment to his complaint alleging that the defendant had acted in bad faith, had been stubbornly litigious and had caused the plaintiff unnecessary trouble and expense. Code Ann. § 81A-115 (a) provides that a pleading may be amended as a matter of course and without leave of court at any time before the entry of a pre-trial order; thereafter, an amendment requires leave of court or written consent of the adverse party. Code Ann. § 81A-116 (2) notes that one of the considerations to be weighed at the pre-trial conference is the necessity or desirability of amendments to the pleadings. The plaintiff argues that no pre-trial order was ever signed, that it was therefore never entered, and that he was free to amend his complaint; no pre-trial order, signed or unsigned, appears in the record. The trial judge recalled discussing the amendment prior to the pre-trial conference and noted, "Well, I would have allowed it and I will allow it." Therefore, if there were no entry of a pre-trial order, the amendment was proper as a matter of course, even though offered after the pre-trial conference; it is the entry of the order and not the conference which is determinative. Code Ann. § 81A-115 (a). If in fact such an order were entered by the trial judge, he clearly gave through his language quoted above, leave to so amend. There was no error. *Western & A. R. Co. v. Smith,* 15 Ga. App. 289 (1) (82 SE 906).

2. The defendant urges error was committed when the trial judge charged on attorney fees, in that it was not warranted by the evidence. Code § 20-1404 permits the award of attorney fees if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. It is only necessary to the plaintiff's recovery that he show any one of these three conditions exists. *Employers Liab. Assur. Corp. v. Sheftall,* 97 Ga. App. 398 (5) (103 SE2d 143). This suit is one for the recovery by the plaintiff of an indebtedness owed him by the defendant. There is no evidence that transactions out of which the indebtedness

arose were entered into in bad faith or procured by fraud; attorney fees would not be recoverable under the first condition of Code § 20-1404. *McKenzie v. Mitchell,* 123 Ga. 72 (1) (51 SE 34). Thus in order to recover attorney fees there must be some evidence of the defendant's stubborn litigiousness or of its causing unnecessary trouble and expense to the plaintiff. The record here reveals that the defendant never raised a defense to the suit for indebtedness and the trial judge directed a verdict for the full amount prayed for; the defendant does not contest this. Indeed, the chairman of the board of the defendant testified that there was "no question" that the corporation owed the plaintiff $25,000 and that it was due and payable in 1973 as alleged. Mere refusal to pay is not equivalent to stubborn litigiousness if the claim is disputed. *Murphy v. Morse,* 96 Ga. App. 513 (100 SE2d 623). There is nothing in the record to show the plaintiff's claim against the corporation was ever disputed. We believe this evidence is sufficient to warrant a charge on attorney fees and that a jury should be allowed to find whether the defendant has been stubbornly litigious. *Patterson & Co. v. Peterson,* 15 Ga. App. 680 (4) (84 SE 163). We also believe this evidence would be sufficient to warrant the submission to the jury of the question of the defendant's causing unnecessary trouble and expense to the plaintiff. " 'Where there is a bona fide controversy for the tribunals to settle, and the parties cannot adjust it amicably, there should be no burdening of one with the counsel fees of the other, unless there has been wanton or excessive indulgence in litigation.' *Tift v. Towns,* 63 Ga. 237, 242. The key to the test is 'bona fide controversy.' Where none exists, then forcing a plaintiff to resort to the courts in order to collect is plainly causing him 'unnecessary trouble and expense.' " *Buffalo Cab Co. v. Williams,* 126 Ga. App. 522, 524 (191 SE2d 317). "We do not believe the trial courts will find any difficulty in determining whether a genuine dispute exists — whether of law or fact, on liability or amount of damages, or on any comparable issue. Where none is found, it may authorize the jury to award the expenses of litigation." Id. p. 525.

3. Having determined that the plaintiff's procedure for obtaining attorney fees was correct and that the

evidence supports a finding that such an award could be made, we turn to the more difficult question of whether the plaintiff's method of proving the amount of attorney fees was proper. The defendant objects to the expert witness offered by the plaintiff who testified as to the value of attorney fees, arguing that no proper foundation had been laid for the hypothetical question as presented. Code § 38-1710 provides that opinions of experts may be given on the facts as proved by other witnesses; the record here shows no witnesses, prior to the opinion testimony, upon whose testimony the hypothetical question was based, but rather the plaintiff's counsel supplied a rundown on the history of the litigation and asked for an opinion on reasonable fees. The opinion of an expert witness may be given in response to a hypothetical question based upon facts placed in evidence by the testimony of other witnesses or by competent evidence of any nature. *Mutual Benefit Health &c. Assn. v. Hickman,* 100 Ga. App. 348 (2) (111 SE2d 380). While the plaintiff's attorney himself is competent to testify as to his opinion on reasonable fees *(Bankers Health &c. Ins. Co. v. Plumer,* 67 Ga. App. 720 (2) (21 SE2d 515)), there is no prohibition on more objective expert testimony with regard to attorney fees under Code § 38-1710. How then may an attorney lay the proper foundation for a hypothetical question on reasonable attorney fees when the expert is not himself? Since an expert may base his opinion on competent evidence of any nature and the plaintiff's attorney could himself testify as to reasonable fees, we see no reason why the foundation for such a hypothetical question may not be laid by text of the question itself, so long as the question as presented is premised upon a true account of the history of the case at issue and so long as the question is limited to work for which attorney fees would be recoverable. This means the question must be confined to a true history of the case at hand and no other legal proceeding *(Randolph v. Merchants &c. Loan Co.,* 58 Ga. App. 566, 573 (199 SE 549)), and that the facts as given must be elements of the case for which attorney fees would be recoverable. In other words, the plaintiff's attorney would be limited in framing the hypothetical question by the same parameters which would limit his own

testimony.

The plaintiff's attorney in this case asked the following hypothetical question: "Mr. Royal, this is a suit by Joe Earl Godwin against Altamaha Convalescent Center for an alleged indebtedness owed by the Convalescent Center in the sum of Twenty-Five Thousand Dollars, plus interest at the rate of eight percent per annum to Mr. Joe Earl Godwin, which the Altamaha Convalescent Center has failed and refused to pay. A suit was filed in this case, and various motions and so forth were made. On January 4th, 1973, we had a hearing here before Judge Knox, and certain rulings were made, and subsequent thereto the case was appealed, and ended up in the Supreme Court of Georgia. Briefs were prepared and filed. There were — a hearing was had in the Court of Appeals. I mean in the Supreme Court, and the case was returned to this Court. Subsequent thereto, several other motions were filed prohibiting the alleged transfer of certain assets of the corporation. After that there have been numerous conferences with Mr. Godwin and the witnesses of the corporation, one which entailed one trip to Savannah, Georgia, and preparing affidavits and so forth. There was a motion for summary judgment filed in behalf of the corporation which was heard by the Court and ruled upon. Subsequent thereto, the case was set down for a hearing and a pretrial conference was held with Judge Knox, and pretrial orders were prepared, with all the preparation of charges and so forth. Then after that it was necessary, of course, to make preparations for the trial, and an amendment was filed, and then we come down to the going into the matter of jury selection, and selecting a jury, and trying the case. Now, based on your experience as an attorney, do you have an opinion as to what the value of a suit of this sort, a collection suit, what the reasonable attorney fees should be. . ."

The defendant objected to this question as including work that was done in regard to things out of this case entirely. We agree. This case was originally brought by the plaintiff against both as individual defendant and a corporate defendant. The appeal which the plaintiff's attorney alluded to in his hypothetical question was actually brought by the plaintiff himself and involved

issues solely involving the individual defendant. The only connection of the corporate defendant to this appeal was a cross appeal, not a direct appeal. How can the defendant be found guilty of stubborn litigiousness or causing unnecessary trouble and expense when this appeal was the result of the plaintiff's action and dealt with a codefendant? The plaintiff eventually voluntarily dismissed his action against the individual defendant. "... [S]o much of said attorney's fees as constituted actual damage or injury and are 'reasonable expenses' of the *present* damage *suit* may be recovered upon proper proof to the satisfaction of the jury." *Talmadge v. McDonald,* 44 Ga. App. 728, 736 (162 SE 856). (Emphasis supplied.) We believe this means that attorney fees can be recovered only for that part of the case which relates to the plaintiff's cause of action against the defendant who must pay them. The appeal and other legal actions taken by the plaintiff with regard to the individual defendant prior to his dismissal are not "reasonable expenses" of the suit against the corporate defendant. All that is recoverable are the expenses of the suit against the corporate defendant and this would not include the costs of an appeal instituted by the plaintiff. In this instance, the attorney fees recoverable date from the institution of the "present suit," which would be from the time the case was returned to the trial court from the first appeal and discounting all expenses relating to the individual defendant from that time to the dismissal of the action against him.

The hypothetical question as framed included elements which were outside the "present suit" and which would not be elements for which attorney fees are recoverable. There was thus no proper foundation for the opinion of the expert as to reasonable fees. It was error to overrule the defendant's objection to the question.

*Judgment reversed. Quillian and Webb, JJ., concur.*