## 56179. SPRAGUE v. THE STATE.

McMURRAY, Judge.

Defendant was indicted for the offense of violating the Georgia Controlled Substances Act, in that he did possess, have under his control and sell cocaine. He was found guilty by a jury and then sentenced by the trial judge to a term of seven years, to serve five years in confinement, "with the remaining two (2) years to be served on probation." Defendant's motion for new trial was denied and he appeals. *Held:*

1. The defendant's first contention is that the state failed to meet its burden of proof in rebutting the defendant's affirmative defense of entrapment. However, there was considerable conflict in the testimony as to the facts surrounding the possession and sale of the cocaine, and it cannot be said that the defense of entrapment is uncontested or not rebutted by the state as was the case in

*Perry v. State,* 143 Ga. App. 227, 228 (1) (237 SE2d 705). Compare *Harpe v. State,* 134 Ga. App. 493 (214 SE2d 738). A jury issue was thus made as to whether or not the undercover police officer entrapped the defendant or merely furnished an opportunity to the defendant to obtain the cocaine and sell it to him. As to the procurer or informant who led the undercover police officer to the defendant for the purpose of purchasing the cocaine, no rebuttal testimony was necessary since the alleged undue persuasion was carried out by the undercover police officer and not by the other procurer/informant (Red Man).

The contention that defendant was entitled to acquittal because he had acted as a state agent in acquiring the drug and did not sell it is also without merit. See *Green v. State,* 124 Ga. App. 469 (184 SE2d 194).

2. In the examination of prospective jurors counsel for defendant may not ask technical legal questions or their opinions concerning them. This is the duty of the trial court. The duty to instruct the jury on legal questions appropriate to the issues on trial rests upon the trial judge. No question was really ever asked of the juror, but in a colloquy with the court, counsel for the defense stated that he would like to ask the juror if he would "put the burden on the government to prove beyond a reasonable doubt the predisposition of the defendant to commit this crime in opposition of the affirmative defense being placed forward by the defendant of entrapment." The court then ruled that he would not allow counsel "to instruct the jury as to what a particular law is." The court then stated, "I think that same question could be asked [of the juror] merely by asking if the juror would hold the State to its burden of proving the case beyond a reasonable doubt, as instructed by the Court." There is no merit in this enumeration of error. See *Lundy v. State,* 130 Ga. App. 171, 172 (2) (202 SE2d 536); *Lamb v. State,* 241 Ga. 10, 12 (243 SE2d 59).

3. During the examination of the undercover police officer as a witness on direct by the assistant district attorney the officer testified that another "subject came over who had some, supposedly, cocaine with him," and the defendant bought some "at this time from this guy."

An objection was made that this testimony was irrelevant and immaterial to the charge of a sale on September 3, as stated in the indictment. This alleged purchase of cocaine occurred on September 2nd. However, it appears that the trial court never made a ruling with reference to this objection but instructed the assistant district attorney to "proceed." The possession of cocaine on the second of September by the defendant would have been relevant and material to the charge of violation of the Georgia Controlled Substances Act on September 3, 1977, as charged in the indictment that the defendant "did possess, have under his control and sell cocaine. . ." See *French v. State,* 237 Ga. 620, 621 (229 SE2d 410). However, no ruling was ever made on this objection, and it is deemed to have been waived. *Bell v. Brewton,* 139 Ga. App. 463, 465 (5) (228 SE2d 600); *Dowdney v. Shadix,* 122 Ga. App. 119 (3) (176 SE2d 512) and cits.

4. The trial court did not err in refusing to allow defense counsel to examine all the police officer's notes in his file although defense counsel was allowed to cross examine the officer with reference to the notes used to refresh his recollection. See *Barker v. State,* 144 Ga. App. 339 (1) (241 SE2d 11); *Ervin v. State,* 144 Ga. App. 504, 509 (241 SE2d 650). Although the defendant had not made a Brady motion as authorized in Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215), the trial court conducted "an in camera inspection of every document in [the officer's] file and found no exculpatory material." However, the court caused the officer to furnish to defense counsel "anything" the officer had used on direct examination to refresh his recollection. These items were identified as defense exhibits and given to defense counsel.

5. In the recharge on entrapment the trial court instructed the jury that it was not entrapment "to commit a crime where the officer merely furnishes an opportunity to a criminal who is ready and willing to commit an offense." The court also, in instructing the jury, charged as follows: "The purpose of the officer is not to induce an innocent man to commit a crime, but to secure evidence upon which a guilty man can be brought to justice. . ." In using the words "criminal" and "guilty man" the trial

judge did not express or intimate his opinion as to what had or had not been proven or as to the guilt of the accused. The court was merely rephrasing in the charge the general law of entrapment without any specific reference to the defendant. Even though the charge may not be as clear and precise as could be desired, if the charge as a whole substantially presents the issues, this court will not reverse. See *Collins v. State,* 145 Ga. App. 346, 348 (243 SE2d 718). The trial court did not express an opinion at the beginning of the trial as to what the sentence would be and did not take into consideration improper matters at the sentencing in that up until the trial the defendant was seeking, by way of a plea of guilty, a reduced sentence. He had already pleaded guilty before the court but formally withdrew the plea and proceeded to trial. Further, defendant was complaining to the court that it had sentenced the man from whom he had purchased the cocaine for resale to the officers at a lesser sentence than the one which he had received at the plea bargaining session. The court then stated it was inclined to sentence him to ten years to serve mainly because of his past record. The sentence was then vacated or amended nunc pro tunc and the same sentence he would have received by reason of the original plea of guilty was made the sentence by the trial court. We see nothing improper in the sentencing phase of the trial.

6. Having considered all of the enumerations of error as argued in defendant's behalf we find no reversible error.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED JULY 11, 1978 — DECIDED OCTOBER 2, 1978.

*Al Horn, J. M. Raffauf,* for appellant.

*M. Randall Peek, District Attorney, Michael M. Sheffield, Assistant District Attorney,* for appellee.