## 56792. INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL & ORNAMENTAL IRON-WORKERS, LOCAL 387 et al. v. MOORE.

McMurray, Judge.

On July 10, 1975, Byron G. Prescott was a member of International Association of Bridge, Structural & Ornamental Ironworkers, Local 387. Prescott and the union were on strike, and he had been walking a picket line. At a job site at Old Covington Highway, Conyers, Georgia, Prescott approached another picket line of the union and walked as a picket on this line.

Dennis Moore, a managerial employee of a company manufacturing precast concrete pipe, drove his employer's truck load of pipe across the picket line of the union into the Conyers job site. He then had the truck unloaded. After again crossing the picket line with the truck he parked the truck and exited it. An altercation ensued between Prescott and Moore, and blows were struck. Moore contends Prescott and others attacked him, inflicting personal bodily injuries. Prescott contends Moore was the aggressor after attempting to strike him with the truck as he exited the job site.

Moore sued Prescott and the union for alleged injuries occurring to him on July 10, 1975, arising out of the alleged assault and battery by Prescott, the alleged agent for the union, and other union members which occurred after he had crossed the union picket line. Plaintiff sought $125,000 general damages, reasonable attorney fees, and $125,000 in punitive damages.

Defendants answered separately and in general denied the plaintiff's claim, adding defenses of failure to state a claim, no basis for relief, and the injuries plaintiff received, if any, resulted to him solely and proximately because of his own acts. Defendant Prescott also filed a counterclaim against plaintiff for allegedly assaulting him seeking $125,000 general damages, reasonable attorney fees and punitive damages in the amount of $500,000 arising out of the alleged unprovoked, wanton, wilful and malicious act of attacking him.

During the argument plaintiff contended that the jury should award no less than $33,860, that is, $20,000

(pain and suffering) general damages, $10,000 punitive damages, $3,500 attorney fees, and $360 out of pocket expenses as special damages. The jury awarded $25,000, and the judgment followed the verdict.

A motion for judgment notwithstanding the verdict or in the alternative for new trial as later amended, was filed and denied. Defendants appeal. *Held:*

1. Damages for pain and suffering are determined solely by the enlightened conscience of an impartial jury. *Ga. S. &c. R. Co. v. Shiver,* 31 Ga. App. 716 (5) (121 SE 696); *Redd v. Peters,* 100 Ga. App. 316 (1), 318 (111 SE2d 132).

2. A wilful and wanton and malicious tort resulting in pain and suffering will authorize recovery for punitive damages. *Atlanta Hub Co. v. Jones,* 47 Ga. App. 778, 780 (171 SE 470); *Interstate Life &c. Ins. Co. v. Brewer,* 56 Ga. App. 599, 605 (193 SE 458); *Marcelli v. Teasley,* 72 Ga. App. 421, 425 (33 SE2d 836).

3. A jury verdict cannot be set aside unless it is shown that it was induced by prejudice, bias or corrupt means. *Southern R. Co. v. Wright,* 6 Ga. App. 172 (64 SE 703); *Louisville &c. R. Co. v. Bean,* 49 Ga. App. 4, 8 (6) (174 SE 209).

The trial court in its consideration of the motion for new trial did not grant a new trial on the basis that the verdict and judgment was excessive. On the contrary, the motion for new trial was denied. The case of *Taylor v. Associated Cab Co.,* 110 Ga. App. 616 (1), 618 (139 SE2d 519), is not applicable to the case sub judice.

There was evidence from which the jury could find that there was an assault upon the plaintiff in which he was injured, that there was a conspiracy to wilfully assault the plaintiff for crossing the picket line, that the defendant Prescott participated in the assault, and that the union participated in or actually authorized same. Further there was evidence from which the jury was authorized to find ratification of defendant Prescott's acts. Defendants' motion for judgment notwithstanding the verdict or in the alternative for new trial is not meritorious inasmuch as the evidence supported the verdict and judgment.

4. Trial was held on October 20-21, 1977. A motion

for a pre-trial conference was filed by the defendants on October 12, 1977, eight days prior thereto. However, we cannot determine if the trial court was made aware of the request or whether the court ruled on it as not being timely, inasmuch as there is no direct ruling thereon, although there seems to be some mention of it in the transcript as well as a possible local court rule in regard thereto as to timeliness.

It is error for the trial court to ignore the mandate of Code Ann. § 81A-116 (Ga. L. 1966, pp. 609, 628; 1967, pp. 226, 231; 1968, pp. 1104, 1106) requiring a pre-trial conference upon timely motion. See *Smith v. Davis,* 121 Ga. App. 704, 706 (175 SE2d 28); *State Hwy. Dept. v. Peters,* 121 Ga. App. 167 (173 SE2d 253); *Malcolm v. Cotton,* 128 Ga. App. 699, 701 (6) (197 SE2d 760). However, we find no direct ruling on the motion or that such a ruling was ever requested, although a motion was filed. Consequently, we find no reversible error in failing to consider it. See *Smith v. Davis,* 121 Ga. App. 704, 706, supra. In *Malcolm v. Cotton,* 128 Ga. App. 699, 701 (6), supra, the trial court refused to enter a pre-trial order, "upon defendant's timely motion therefor," but the facts in that case are entirely different from the case sub judice. We find no merit here, inasmuch as the trial court has not refused to enter an order, and we cannot determine if the defendants' motion was timely.

5. As to the denial of a motion for mistrial made by defendants' counsel, when counsel for plaintiff in addressing defendant Prescott as a witness gratuitously added: "The last time I saw you you had a plastic bag on your head," counsel for plaintiff replied that the objection by defendants' counsel was equally offensive. Whereupon, the trial court advised them, "do you want a mistrial, I feel like I will give it if you do. I will ask the jury not to consider any remarks made with reference to this witness. It has no place in this case whatsoever." Neither counsel insisted on the mistrial, hence defendants have waived it. There is no merit in this complaint.

6. The trial court instructed a witness called by the plaintiff for cross examination during his testimony that the court did not allow "real loud talk" and to "[k]eep everything calmed down. I don't have any of that here."

On another occasion the trial court instructed defendants' counsel, "he's going to say no, so I think you might as well sit down," apparently suggesting that counsel need not make an objection since he (the witness) "had answered the question, half a dozen times."

Further, the court on another occasion advised as to an objection made on cross examination in regard to an arrest warrant that, "once the judicial process takes over. . . the people that take out the warrant have nothing to do with it from that point on. Go ahead if you have some other questions."

None of the above amounts to prejudicial remarks by the trial court made during the trial in the handling of the trial all of which was within the sound discretion of the trial court. There is no merit in this complaint.

7. Objections must be made and a ruling obtained thereon for this court to review an alleged error. If no ruling is ever made on an objection it is deemed waived. *Bell v. Brewton,* 139 Ga. App. 463, 465 (5) (228 SE2d 600); *Dowdney v. Shaddix,* 122 Ga. App. 119 (3) (176 SE2d 512); *Sprague v. State,* 147 Ga. App. 347 (248 SE2d 711). Objections were not continued to the alleged side remarks of counsel, and the original objections are deemed waived as the trial court made no ruling thereon. The question asked of the union business representative and overruled as to whether or not this was the only incident (the alleged fight between plaintiff and defendant Prescott) during the entire time of picketing was not material and had no bearing on the issue here. However, defendants' counsel failed to show to the court what that answer would be, that is, whether or not it was material and whether it would have benefited the defendants. See *Foster v. National Ideal Co.,* 119 Ga. App. 773 (1) (168 SE2d 872); *Carter v. Tatum,* 134 Ga. App. 345, 348 (4) (212 SE2d 439); *Thompson v. Hill,* 143 Ga. App. 272, 274 (2) (238 SE2d 271). Further, there was no objection thereafter to the argument of counsel even if the argument of counsel that the union was filled with fighters and condoned fighting had no basis in fact and should not have been made in the argument. No reversible error has been shown, and there is no merit in these complaints.

8. Whether or not the report of the fight to the police

officer would have been allowed as original evidence under Code § 38-302, after this witness' testimony was excluded as not being a part of the res gestae, counsel merely stated to the next question, "We object," and did not object to it as hearsay or obtain a further ruling from the trial court in that regard. See the cases cited in Division 7 above.

9. Under Code Ann. § 81A-132 (a) (4) (Ga. L. 1966, pp. 609, 644; 1972, pp. 510, 521) the trial court has a broad discretion to allow depositions in evidence "whether or not a party" gave the deposition. However, see *Building Assoc., Inc. v. Crider,* 141 Ga. App. 825, 829 (234 SE2d 666), as to the failure to prove the unavailability of a party to testify. Here, the doctors testifying by deposition were not parties. Further, the trial court's reply to the suggested objection was, "Let's go ahead and read it if there is no objection to them." Had counsel for defendants intended to insist upon an objection he should have emphatically stated that he was objecting to them being put in evidence without first establishing the witnesses' unavailability. Again see cases cited in Division 7 of this opinion. We find no merit here to the alleged objections made by the defendants to the allowance of the depositions in evidence.

10. Testimony of competent witnesses having knowledge of the issues is never excluded from evidence even if parties are guilty of misconduct or contempt in failing to have witnesses sequestered or if the witness himself is held in contempt for violating the rule of sequestration. *May v. State,* 90 Ga. 793, 800 (2) (17 SE 108); *Pearley v. State,* 235 Ga. 276, 277 (219 SE2d 404); *Howard v. Echols,* 31 Ga. App. 420, 422 (120 SE 815); *Wallace v. Mize,* 153 Ga. 374 (7), 388 (112 SE 724). Here, a list of witnesses had been requested of the plaintiff by defendants and some doubt exists, as shown by the record, as to whether such list was ever sent or received by counsel for defendants. The trial court first stated it would allow the witness to testify but did advise the jury to consider the weight of this testimony and for the jury to credit this testimony as they wished by reason of the violation by plaintiff in not putting these witnesses on the list furnished opposing counsel, if counsel could

not establish that he had sent the list to the defendants.

But the proper procedure is not to object to testimony of witnesses but to ask for postponement of the trial for a sufficient length of time to enable defendants to interview them, check facts and to seek rebuttal evidence or evidence to impeach them. See *Jones v. Atkins,* 120 Ga. App. 487, 491 (2) (171 SE2d 367); *Nathan v. Duncan,* 113 Ga. App. 630 (7), 641 (149 SE2d 383). No request for postponement was made here. There is no merit in the complaint that the trial court erred in allowing this testimony in evidence.

11. Defendant's written request to charge as to the alleged "unprovoked assault" upon the defendant Prescott by plaintiff was argumentative in assuming that the evidence demanded a finding that there was an unprovoked attack by plaintiff upon the defendant. This request does not reflect the true state of the evidence which was in conflict as to which party assaulted the other. The trial court did not err in refusing to give this request to charge.

The two other written requests by defendants involve plaintiff's alleged assumption of the risk in crossing the picket line, that is, that plaintiff performed a rash action and thereby put himself in peril by doing so. Contributory negligence is not a defense to an alleged wilful tort. *Central R. &c. Co. v. Newman,* 94 Ga. 560 (21 SE 219); *Ga. Power Co. v. Deese,* 78 Ga. App. 704, 708 (51 SE2d 724); *Barrow v. Ga. Lightweight Aggregate Co.,* 103 Ga. App. 704 (11), 715 (120 SE2d 636). The trial court did not err in refusing to give these written requests.

12. A general money verdict and judgment was awarded here, hence we cannot determine if any attorney fees were a part of the judgment in this tort case.

Defendants requested a charge on Code § 20-1404 as to expenses of litigation and also additional language that if defendant has a bona fide defense whereby plaintiff is not clearly due the full amount sued for "then the defendant has not been stubbornly litigious nor caused by [sic] the plaintiff unnecessary trouble and expense by requiring the plaintiff to prove his case to an impartial jury." The court gave the first part of the requested charge

which was the substance of Code § 20-1404 but not the last. Error is enumerated as to its failure to give the complete request citing *Murphy v. Morse,* 96 Ga. App. 513 (100 SE2d 623), and *Buffalo Cab Co. v. Williams,* 126 Ga. App. 522 (191 SE2d 317). The *Morse* case does not involve a tort but a contract and is not applicable here. The *Williams* case does involve a tort, and the court therein pointed out that cases in which attorney fees are unauthorized where the amount of defendant's liability as established by the jury was substantially less than that sued for are inapposite to tort cases and apply only to contract cases (particularly insurance cases involving bad faith). Further, the court there held the amount awarded in that case was not substantially less than that sought. See also in this connection *Traders Ins. Co. v. Mann,* 118 Ga. 381, 384 (45 SE 426) and cases there cited as to ex delicto actions. Damages in tort actions may be increased by expenses of litigation. See *Selma, Rome &c. R. Co. v. Fleming,* 48 Ga. 514, 516 (1); *Juchter v. Boehm, Bendheim & Co.,* 67 Ga. 534 (6); *Western &c. R. Co. v. Smith,* 15 Ga. App. 289 (1) (82 SE 906); *Dodd v. Slater,* 101 Ga. App. 358, 360 (3) (114 SE2d 167).

However, we cannot here determine that attorney fees are a part of the verdict and judgment, but if so, we do not feel that the entire requested charge was required under the evidence before the court. Indeed, that language is argumentative and is more favorable to the defendant than the evidence authorized. There is no merit in this complaint.

13. Having considered each and every one of the alleged enumerations of error properly argued by the defendants in accordance with the rules of this court, we find no reversible error.

*Judgment affirmed. Quillian, P. J., and Webb, P. J., concur.*

ARGUED NOVEMBER 6, 1978 — DECIDED MARCH 8, 1979 — REHEARING DENIED MARCH 22, 1979 —

*Harris Jacobs, Joseph Jacobs, James T. Langford,*

for appellants.
*Paul S. Liston,* for appellee.