18933.  AVERY *v.* THE BERRY SCHOOLS *et al.*

SUBMITTED APRIL 11, 1955—DECIDED MAY 10, 1955.

*Graham Glover,* for plaintiff in error.
*Matthews, Maddox, Walton & Smith,* contra.

ALMAND, Justice.  The judgment under review is an order sustaining general and special demurrers to an equitable petition. H. D. Avery instituted his suit against the Floyd County Board of Roads and Revenues and The Berry Schools, a corporation, in which he sought to enjoin the closing of portions of two public roads in Floyd County.  It is recited in the petition that the defendant board, acting upon the petition of The Berry Schools to close certain portions of the O'Bryant Gap and Pleasant Grove public roads, passed an order for the issuance of a citation for the hearing of the application at a specified time and place, said order reciting that the only person living upon the land "through which run said parts of said roads so sought to be abandoned has waived notice and requested that said parts of said roads be discontinued."  That citation was duly published, and the citation was merely signed "The Board of Commissioners of Roads and Revenues of Floyd County.  By_____ Chairman."  Subsequently, after a hearing, an order was passed by said board, discontinuing and permanently abandoning the parts of the roads sought to be discontinued.  The sole contention of the plaintiff is that the order closing parts of said roads was void because the published citation was not signed by the chairman or any member of the defendant board.  The prayer was that the defendants be temporarily and permanently re-

strained and enjoined from closing said portions of said roads.

The plaintiff does not allege that he resides on any portion of the road sought to be closed, but does allege that he is a resident and taxpayer of the county, and a constant and daily user of the portions of the public roads sought to be closed. One of the grounds of the separate demurrer of the defendant board, which the trial court sustained, was that the plaintiff has no standing to contest the action of the board.

Code § 95-207 provides that applications for the discontinuance of an old road, in whole or in part, shall be made to the ordinaries or other county authorities having charge of county affairs in writing, and published as provided in § 95-203, before the discontinuance shall be effective. Code § 95-203 provides that "All persons, their overseers or agents, residing on land through which such road runs, except the applicants for the road or alteration, shall at the same time be notified in writing, personally or by leaving notice at their most notorious places of abode." It thus appears that, in order for the board of revenues to discontinue an old road in whole or in part, it is not required to publish a citation or notice of the application, but only personal service upon all persons, their overseers, or agents residing upon the land through which such old road runs is requisite. It appears from the petition that the only person residing on the land through which said portions of said roads ran had waived notice, and the plaintiff, not being of that class and entitled to receive notice of the application, is not in position to claim that the notice given was insufficient or not in compliance with the law. It appearing that his only interest in the roads is that of one who had been accustomed to using them, even though as a user he might be affected in some way by the closing of the portions of the road here sought, the law does not contemplate that he, as a member of the general public, should be given notice as provided for under Code § 95-207. See *Huff* v. *Donehoo,* 109 *Ga.* 638 (1, 2) (34 S. E. 1035).

The court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., absent on account of illness.*