## 37597. PEPPERS v. ELDER et al.

JORDAN, Chief Justice.

The appeal is from the sustaining of a motion to dismiss.

Barrow County closed County Road Number 79 at the request of all of the adjacent landowners. The County then quitclaimed the former county roadway to the adjacent property owners. When the adjacent owners caused a ditch to be dug across the roadway, Jackson L. Peppers, in his capacity as a citizen-taxpayer of Barrow County, filed the present equity and mandamus action against the county and the adjoining landowners to set aside the conveyance, to remove the obstruction and to require the county to maintain the roadway as a public road.

After a jury was struck, Barrow County and the adjoining landowners orally moved to dismiss the complaint for failure to state a claim and for lack of standing to sue. The motion was heard in chambers without a reporter present and was granted, prompting this appeal.

1. Peppers first contends that he should have been given thirty days to respond to the motion because matters outside the pleadings were considered. *Riverhill Community Assn. v. Cobb County Bd. of Commrs.,* 236 Ga. 856, 859 (226 SE2d 54) (1976). A respondent to a motion to dismiss is entitled to notice of conversion of the motion into one for summary judgment and to thirty days to respond to the motion for summary judgment unless such notice and opportunity are waived. *Atlanta Associates v. Westminister Properties, Inc.,* 242 Ga. 462 (249 SE2d 252) (1978); *Royston v. Royston,* 236 Ga. 648 (225 SE2d 41) (1976). By consenting to the hearing of the motion in chambers that day and by arguing the merits of the motion without

objecting to lack of notice, Peppers waived his right to notice and to further opportunity to respond. *Register v. Kandlbinder,* 231 Ga. 786 (204 SE2d 145) (1974).

2. Peppers concedes that the statutory notice to property owners required of a county before the closing of a county road need not have been given to him because he does not own property located on the road in issue. Code Ann. § 95A-619 (b); See, *McIntosh County v. Fisher,* 242 Ga. 66 (247 SE2d 863) (1978); see also, *Avery v. Berry Schools,* 211 Ga. 581 (87 SE2d 401) (1955). Instead, he asks, in essence, that this court create such a notice requirement so as to give all county residents an opportunity to object to the closing of a county road. We are of the opinion that the General Assembly has spoken on the subject of those persons to whom such a notice should be given, and that the question of whether all residents of the county should receive notice of county road closings is one which properly should be addressed to the General Assembly rather than to this court.

3. The court apparently considered without objection the affidavit of one of the adjacent property owners in which the affiant swore that the road had ceased to be used by the public to the extent that no substantial purpose is served by it. Accordingly, the road was closed for the benefit of the public rather than for the private benefit of property owners adjacent to it. *McIntosh County v. Fisher,* supra.

*Judgment affirmed. Hill, P. J., Marshall, Clarke, Smith and Gregory, JJ., concur.*

DECIDED SEPTEMBER 9, 1981.

*William D. Healan, Jr.,* for appellant.
*John E. Stell, Richard B. Russell III, N. David Wages,* for appellees.