### 43004. GEICO v. DICKEY.
(340 SE2d 595)

CLARKE, Justice.

The United States Court of Appeals for the Eleventh Circuit has certified the following question to this court: Would Georgia law require that the family or household exclusion clause in this automobile liability insurance contract be enforced to permit a denial of coverage and defense in a suit brought against the named insured by the estate of his wife and by the stepdaughter of the named insured?

The insured, Thomas Dickey, was driving in North Carolina with his wife and stepdaughter. His car rolled down an embankment, killing his wife and injuring his stepdaughter. The administratrix of his wife's estate and his stepdaughter brought an action for damages in North Carolina, which has no family tort immunity. Dickey reported the claim to his insurer with a request for defense. Government Employees Insurance Company (hereinafter GEICO), Dickey's insurer, took the position that the claims were not covered and brought a declaratory judgment action in the United States District Court for the

Southern District of Georgia to determine the validity of a family exclusion clause in Dickey's liability insurance policy.

The district court denied GEICO's motion for summary judgment and granted Dickey summary judgment. The court found that the Georgia choice of laws rule was applicable to the construction of the clause. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U. S. 487 (61 SC 1020, 85 LE 1477) (1941). Under Georgia conflicts law a question of contract construction is governed by the law of the state in which the last act essential to the creation of the contract occurred. *General Tel. Co. of the Southeast v. Trimm*, 252 Ga. 95 (311 SE2d 460) (1984). In the case of the present contract, the court found that Georgia law applies. The court then went on to reason that since Georgia's insurance laws authorize no exclusion for liability insurance coverage, any exclusion must be consistent with an existing legal disability. Further, since in *Harris v. Harris*, 252 Ga. 387 (313 SE2d 88) (1984), this court made certain inroads on intrafamily tort immunity, such immunity could no longer be considered a blanket legal disability. The court concluded that under Georgia law a family immunity exclusion would be valid only in cases where intrafamily immunity would be imposed. For example, it would apply in those cases in which there was danger of collusion.

The difficulty with the conclusion of the district court is that the court leaps from the finding that intrafamily tort immunity is no longer an ironclad doctrine in Georgia to the conclusion that a family exclusion clause is against public policy. We do not agree that modification of intrafamily tort immunity in Georgia mandates this result. Cf. *Harbin v. Sams*, 171 Ga. App. 263 (319 SE2d 99) (1984). We find, however, that to allow the exclusion under the facts of this case would be against the public policy of this state because of the resulting conflict with the policy underlying our compulsory insurance law. As we have clearly stated, compulsory liability insurance is required "not only for the benefit of the insured but to ensure compensation for innocent victims of negligent motorists." *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335 (329 SE2d 136) (1985). Since the doctrine of intrafamily tort immunity still exists in Georgia, the exclusion puts neither the insured nor injured family member in a worse position than either would be in without the exclusion since suit would ordinarily be barred. However, when the injured party brings suit against the insured in a state which has no intrafamily tort immunity, the situations of the injured family member and the insured undergo drastic changes. It is black letter law that ignorance of the law is no excuse, and an insured in possession of his policy is deemed to know its contents. *Wheeler v. Standard Guaranty Ins. Co.*, 168 Ga. App. 565 (309 SE2d 805) (1983). It is unreasonable to require that an insured research the tort law of each state as he crosses its borders.

When an insured purchases a policy of automobile insurance in Georgia which gives him protection against liability in Georgia, he is entitled to the same protection when he crosses into another state.

In a diversity of citizenship action involving construction of an insurance contract, Georgia law controls where the contract is made and delivered in Georgia even though the accident which gave rise to the claim occurred in another state. *Ranger Ins. Co. v. Culberson*, 454 F2d 857 (5th Cir. 1972). Under Georgia law the exclusion in question dovetails with an absence of liability. In view of our overriding policy of complete liability coverage for the protection of the public and the insured, if the exclusion were broader than the tort immunity of this state, the exclusion would be against public policy. It follows, therefore, that to the extent that the exclusion is broader than the tort immunity of the state in which the claim arose, the exclusion is against public policy.

The answer to the question certified to us by the Eleventh Circuit is no.

*The question is answered in the negative. All the Justices concur, except Marshall, P. J., Weltner and Bell, JJ., who dissent.*

DECIDED MARCH 11, 1986 —
RECONSIDERATION DENIED APRIL 1, 1986.

*Drew, Eckl & Farnham, Arthur H. Glaser, G. Randall Moody, Brennan, Harris & Rominger, Richard A. Rominger, Fredric W. Stearns,* for appellant.

*Dickey, Whelchel, Brown & Readdick, Richard A. Brown, Jr., John E. Bumgartner, J. William Harvey, Walter Bilbro, Jr.,* for appellee.