46578. SOUTHEASTERN FIDELITY INSURANCE COMPANY v. CHANEY et al.

(381 SE2d 747)

WELTNER, Justice.

Effie Chaney purchased an automobile liability insurance policy for an automobile that she owned. She and a grown daughter, who resided in her household, were named as insureds. Chaney was injured in an automobile collision in the insured automobile, which the daughter was driving, and submitted a claim for liability benefits under the policy. The insurer filed a declaratory judgment action, contending that it had no liability because of a family exclusion clause in the insurance contract. The trial court granted summary judgment to the insureds, and the Court of Appeals affirmed. *Southeastern Fidelity Ins. Co. v. Chaney,* 189 Ga. App. 625 (376 SE2d 710) (1988). We granted certiorari.

1. Owners of motor vehicles are required to obtain automobile liability insurance with statutory minimum coverage. OCGA §§ 33-34-4; 33-34-3 (a) (1). Required minimum coverage includes the following:

> The insurer of a motor vehicle with respect to which security is required by Code Section 33-34-4 shall pay basic no-fault benefits without regard to fault for economic loss resulting from: (1) Accidental bodily injury sustained . . . by the insured and spouse and children if residing in the insured's household and the relatives of either if residents of the insured's household while occupying any motor vehicle . . . (2) Accidental bodily injury sustained by any other person while occupying the owner's motor vehicle. . . . [OCGA § 33-34-7 (a)].

2. The Chaneys' policy provided the following coverage relative to bodily injury liability:

> To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.

A family exclusion endorsement stated:

This policy does not apply under the Bodily Injury and Property Damage Liability coverages to (1) the named insured, or (2) any person who is related by blood, marriage or adoption to and is a resident of the same household as (i) the insured or (ii) the person for whose use of the automobile or trailer the insured is legally responsible.

3. The daughter, an emancipated adult, is exposed to liability for the injuries sustained by her mother because the doctrine of intrafamily immunity does not apply. See *Arnold v. Arnold*, 259 Ga. 150 (377 SE2d 856) (1989). The family exclusion clause does not cover the liability of this daughter as an insured person.

4. We have stated: "In view of our overriding policy of complete liability coverage for the protection of the public and the insured, if the exclusion were broader than the tort immunity of this state, the exclusion would be against public policy." *GEICO v. Dickey*, 255 Ga. 661, 663 (340 SE2d 595) (1986). See *Stepho v. Allstate Ins. Co.*, 259 Ga. 475 (____ SE2d ____) (1989) for a synthesis of *GEICO*, supra, and *Southern Guaranty Ins. Co. v. Preferred Risk Mut. Ins. Co.*, 257 Ga. 355 (359 SE2d 665) (1987).

5. Because the exclusion in this case is broader than immunity under our tort system, it is against public policy and cannot be enforced.

*Judgment affirmed. All the Justices concur, except Marshall, C. J., and Bell, J., who dissent, and Hunt, J., not participating.*

DECIDED JULY 13, 1989 —
RECONSIDERATION DENIED OCTOBER 2, 1989.

*Newton, Smith, Durden, Kaufold & McIntyre, Wilson R. Smith,* for appellant.

*Joseph J. Hennesy, Jr.,* for appellees.

*Ranitz, Mahoney, Forbes & Coolidge, Morton G. Forbes,* amicus curiae.