S89G0064. STEPHO v. ALLSTATE INSURANCE COMPANY.
(383 SE2d 887)

CLARKE, Presiding Justice.

Stephen Stepho owned a pick-up truck insured by Allstate. The policy excluded liability for injury to any person related by blood to the insured and residing in insured's house. Stephen's adult son, Saad Stepho, was a named insured on the policy. Saad was authorized to use Stephen's truck. Stephen's 14-year-old son Nashwan, a passenger

in the truck driven by Saad, was injured in an accident.

Stephen, on behalf of Nashwan, brought an action against Saad and against Allstate. Disputing coverage on the basis of the family exclusion provision, Allstate moved for summary judgment. The summary judgment was granted, and Stephen appealed.

The Court of Appeals, *Stepho v. Allstate Ins. Co.*, 191 Ga. App. 494 (382 SE2d 154) (1989), found that if intrafamily tort immunity were the only question under consideration, Nashwan could sue his adult brother even if they lived in the same household. However, the grant of summary judgment was based upon a provision in an insurance contract. Therefore, the question addressed by the Court of Appeals was whether the contract provision was against public policy. Concluding that insured would not be exposed to additional liability by enforcement of the clause, the Court of Appeals found that the exclusion was not against public policy and affirmed the trial court. We reverse.

1. The public policy considerations relating to family exclusion provisions in automobile liability insurance policies stem from the legislature's enactment of the mandatory insurance statute. The purpose of the statute was to provide protection in the form of insurance. We have held that compulsory insurance is required for the protection of the innocent victims of the negligent members of the motoring public. *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335 (329 SE2d 136) (1985). We have also held that the legislature intended that Georgia's compulsory insurance law protect the insured from unfair exposure to unanticipated liability. *GEICO v. Dickey*, 255 Ga. 661 (340 SE2d 595) (1986). In *GEICO v. Dickey*, we held that "[i]n view of our overriding policy of complete liability coverage for the protection of the public and the insured, if the exclusion were broader than the tort immunity of this state, the exclusion would be against public policy." Id. at 663.

In *Southern Guaranty Ins. Co. v. Preferred Risk Mut. Ins. Co.*, 257 Ga. 355 (359 SE2d 665) (1987), we dealt with a peculiar set of facts under which neither the injured party nor the insured was left unprotected. We therefore concluded that the exclusion clause under those unusual circumstances did not offend public policy and should be upheld.

A clear thread of consistency runs through each of these cases as they apply the dual policies of protection for innocent victims of negligent members of the motoring public and protection of the insured against unfair exposure to unanticipated liability. This results in a basic rule that if either of the interests dealt with in those cases is left unprotected, the exclusionary clause in the insurance contract offends public policy. This rule, of course, does not apply when neither the injured party nor the unsuspecting insured is left unprotected.

In *Southeastern Fidelity Ins. Co. v. Chaney,* 259 Ga. 474 (381 SE2d 747) (1989), there was no intrafamily tort immunity between the mother and adult daughter. The daughter was exposed to tort liability due to the injury of the mother. Therefore, the exclusion was against public policy. In *Southern Guaranty,* supra, on the other hand, neither the injured party nor the unsuspecting insured was left unprotected. Mrs. Cooper was injured while riding as a passenger in her husband's car. The car was driven by Mrs. Gordon, a friend of Mrs. Cooper. There was intrafamily tort immunity between Mr. and Mrs. Cooper, the insureds under the policy which covered the car. Mr. Cooper, the owner of the car, was not exposed to tort liability because of the presence of intrafamily tort immunity. Mrs. Cooper, in her capacity as injured party, was protected because of the availability of insurance proceeds from Mrs. Gordon's policy.

This case differs from *Southern Guaranty.* There is no tort immunity, and Nashwan, the injured party, would be left unprotected. For that reason the exclusion is against public policy and must not stand.

2. The next question before us is whether the exclusion fails to the full extent of the policy or only to the extent of the mandatory $15,000. In *Cotton States Mut. Ins. Co. v. Neese,* supra, we held in regard to an exclusion found to be against public policy: ". . . [the] insurer is entitled to rely on the exclusion as to sums above those required by our compulsory insurance law. That is to say, the compulsory insurance law does not establish public policy as to sums greater than those required by such law." Id. at 342. Similarly, in the present case, we hold that Allstate's liability is limited to the mandatory $15,000 coverage.

We do not reach the question of whether this limitation might apply in a future case like *Dickey,* supra, where the interest protected is that of an insured who is unfairly exposed to unanticipated liability.

*Judgment reversed. All the Justices concur, except Marshall, C. J., who dissents as to Division 1 and the judgment.*

DECIDED SEPTEMBER 29, 1989 — RECONSIDERATION DENIED OCTOBER 18, 1989.

*Edgar L. Crossett III, Christopher J. McFadden,* for appellant.
*Chambers, Mabry, McClelland & Brooks, Clyde E. Rickard III, Fain, Major & Wiley, Thomas E. Brennan,* for appellee.