A91A0656, A91A0657. SMITH et al. v. TICOR TITLE
INSURANCE COMPANY OF CALIFORNIA (two cases).
(408 SE2d 833)

BANKE, Presiding Judge.

On October 22, 1986, the appellants purchased a parcel of improved real property in the City of Roswell, Georgia, known as "4-6 Elizabeth Way," on which the appellee issued a policy of owners' title insurance the following day. At the rear of the building located on the property is an alleyway approximately 40 feet wide which is used by the appellants for parking and access to the back of the building. In

March of 1990, the City of Roswell notified the appellants that it had maintained the alleyway for approximately 100 years and consequently claimed title to the entire 40-foot strip by prescription or dedication, and that it intended to enforce the right of the public to use the alley for ingress and egress and parking. The appellants advised the appellee insurer of this claim and demanded that it defend their title to the property. The appellee responded by filing a "Complaint for Declaratory Judgment," alleging that the city's claim, even if valid, was not covered by the policy. Subsequently, after the appellants had filed an answer and counterclaim, along with motions to add the city as a co-defendant and to add the sellers of the property as third-party defendants, the court, acting sua sponte, issued an order purporting to grant the "plaintiff's motion for declaratory judgment," based on a determination that the property interest claimed by the city was excluded from coverage under a policy exception pertaining to easements or claims of easements not of public record. The appellants filed both a notice of appeal, resulting in the docketing of Case No. A91A0656, and a motion for reconsideration. Subsequently, the trial court amended its earlier order to specify that the city's claim was excluded from coverage under a different policy provision, while stating that the result reached in the original order remained unchanged. The appellants also filed a notice of appeal from this order, and that appeal has been docketed in this court as Case No. A91A0657. *Held*:

1. The trial court erred in entering a final judgment in the action on its own motion. "[T]he Declaratory Judgment Act [OCGA § 9-4-1 et seq.] is governed by the practice rules contained in the Civil Practice Act. . . ." *Town of Thunderbolt v. River Crossing Apts.*, 189 Ga. App. 607, 609 (2) (377 SE2d 12) (1988). Where a party seeking a declaratory judgment contends that he is entitled to judgment based on the facts or allegations currently of record, he may move for judgment on the pleadings pursuant to OCGA § 9-11-12 (c) or for summary judgment pursuant to OCGA § 9-11-56 (a). Under either procedure, the opposing party would, of course, be entitled to an opportunity to respond. There is no procedure pursuant to which the trial court may simply grant a complaint for declaratory judgment sua sponte, without affording the opposing party notice or an opportunity to be heard. Compare *Sands v. Lamar Properties*, 159 Ga. App. 718 (285 SE2d 24) (1981) (where a declaratory judgment was entered based on stipulated facts).

2. The appellants also enumerate as error the trial court's failure to grant their motion to add the City of Roswell as a party defendant, as well as a finding of fact made by the court to the effect that the City of Roswell was in possession of the disputed property. Inasmuch as the trial court has not ruled on the motion to add the city as a

defendant, the former contention presents nothing for review; and inasmuch as we are reversing the trial court's judgment, we find it unnecessary to address the latter contention.

3. The appeal in Case No. A91A0657 is dismissed, both because our ruling in Division 1 of this opinion renders it moot and because the denial of a motion for reconsideration of a final judgment is not, in any event, an appealable ruling. See generally *Dougherty County v. Burt*, 168 Ga. App. 166, 167 (1) (308 SE2d 395) (1983).

*Judgment reversed in Case No. A91A0656. Appeal dismissed in Case No. A91A0657. Carley and Beasley, JJ., concur.*

DECIDED JULY 16, 1991.

*Mark A. Smith III*, pro se.
*Heyman & Sizemore, William H. Major, William B. Brown*, for appellee.