A91A1583. CLABO et al. v. TENNESSEE FARMERS MUTUAL INSURANCE COMPANY.
(413 SE2d 476)

McMURRAY, Presiding Judge.

This appeal involves insurance issues arising from a motor vehi-

cle collision. A vehicle driven by Lane and owned by Cain Tool & Equipment, Inc., collided with a vehicle driven by William Clabo and also occupied by his ex-wife, Leslie Clabo, owner of the vehicle and named insured under a policy of insurance on this vehicle issued by Tennessee Farmers Mutual Insurance Company (hereafter "Tennessee Mutual") in Tennessee. Leslie Clabo was injured in the collision and filed this negligence action against William Clabo, Lane, and Cain Tool & Equipment, Inc. A copy of Leslie Clabo's complaint was served on Tennessee Mutual as the alleged uninsured motorist insurer of William Clabo, Tennessee Mutual answered in its own name and also filed an answer on behalf of William Clabo. Service upon William Clabo was subsequently acknowledged.

Tennessee Mutual filed a motion for summary judgment predicated on a lack of coverage under the uninsured motorist provision of the policy, which contained an exclusion of any vehicle owned by the named insured from the definition of "uninsured motor vehicle." Leslie Clabo filed an opposing motion for summary judgment seeking to establish that Tennessee Mutual was obligated to provide uninsured motorist coverage under the insurance policy issued to her, or, in the alternative, that Tennessee Mutual was obligated to provide William Clabo with liability coverage. In ruling on the opposing motions for summary judgment, it appears that the superior court has expanded the issues submitted by the parties and considered whether summary judgment should be issued to Tennessee Mutual in regard to liability coverage. However, no party has raised any issue complaining of the scope of the issues considered by the superior court.

The superior court, upon ruling on the issues of coverage under both the uninsured motorist and liability coverage provisions of the insurance policy at issue, granted a summary judgment in favor of Tennessee Mutual and denied Leslie Clabo's motion for summary judgment. Plaintiff Leslie Clabo and defendant William Clabo ("appellants") appeal from this order. *Held*:

"The policy contains no suggestion that the law of any state other than Tennessee is to govern its construction. Georgia follows the doctrine of lex loci contractus. *General Tel. Co. of the Southeast v. Trimm*, 252 Ga. 95 (311 SE2d 460) (1984). Under this doctrine ' "(w)here a pleaded contract not only is executed in a foreign State, but contains nothing to indicate by the place of performance or otherwise that it was intended to be construed as a Georgia contract, it will be treated as a contract of the foreign State, and governed by its laws. . . ." (C)ontracts made and performed in another state will be enforced unless such state's laws are contrary to the public policy of the enforcing state. . . . "A contract should not be held unenforceable as being in contravention of public policy except in cases free from substantial doubt where the prejudice to the public interest

clearly appears." (Cit.)' *Terry v. Mays*, 161 Ga. App. 328, 329 (291 SE2d 44) (1982). See also *Nationwide Gen. Ins. v. Parnham*, 182 Ga. App. 823 (4) (357 SE2d 139) (1987)." *Dacosta v. Allstate Ins. Co.*, 188 Ga. App. 10, 11 (372 SE2d 7). Appellants rely entirely upon Georgia's public policy and contend that it is violated since the exclusions in the insurance policy at issue combine to deny any coverage.

The exclusion of the vehicle owned by the named insured, Leslie Clabo, from the definition of "uninsured motor vehicle" is consistent with the Georgia uninsured motorist statute. See OCGA § 33-7-11 (b) (1) (D). "Expressions of the legislature through statutes are conclusive on the question of public policy. . . ." *Integon Indem. Corp. v. Canal Ins. Co.*, 256 Ga. 692, 693 (353 SE2d 186). The superior court did not err in granting Tennessee Mutual's motion for summary judgment on the plaintiff's claim under the uninsured motorist provisions of the insurance policy at issue or in denying plaintiff's motion for summary judgment insofar as it relates to her claim for uninsured motorist benefits.

Appellants also contend that the grant of a summary judgment in favor of Tennessee Mutual and the denial of plaintiff's motion for summary judgment as to liability coverage was error. William Clabo was a "covered person" under the terminology of the insurance policy because he was using plaintiff Leslie Clabo's covered automobile with her permission. The policy provided coverage "for bodily injury or property damage for which any **covered person** becomes legally responsible because of an auto accident." Tennessee Mutual's denial of liability coverage is based on an exclusion from liability coverage for bodily injury to the named insured.

In considering such exclusions, we are governed by our overriding public policy of complete liability coverage for the protection of the public and the insured. Under the current rule, if the exclusion is broader than the tort immunity of this state, the exclusion is against public policy and cannot be enforced. *Stepho v. Allstate Ins. Co.*, 259 Ga. 475, 476 (1) (383 SE2d 887); *Southeastern Fidelity Ins. Co. v. Chaney*, 259 Ga. 474 (381 SE2d 747); *Southern Guaranty Ins. Co. v. Preferred Risk Mut. Ins. Co.*, 257 Ga. 355 (359 SE2d 665); *GEICO v. Dickey*, 255 Ga. 661 (340 SE2d 595); *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335 (329 SE2d 136). Since plaintiff Leslie Clabo and defendant William Clabo were no longer married at the time of the collision there is no applicable tort immunity. Thus, the exclusion in the liability coverage must be viewed as contrary to public policy and fail to the extent that it will cause an insured, William Clabo, to be unprotected up to the mandatory liability coverage required under OCGA §§ 33-34-4 (a) (1) and 40-9-37 (a). Compare OCGA § 33-34-4, effective October 1, 1991. *Stepho v. Allstate Ins. Co.*, 259 Ga. 475, 477 (2), supra. Compare *Harbin v. Sams*, 171 Ga. App. 263 (319 SE2d 99).

Albeit, the compulsory insurance law does not establish public policy as to sums greater than those required by such law. Thus, if William Clabo is protected up to the amount of the mandatory liability coverage by some other insurance policy, the exclusion in the Tennessee Mutual policy from liability coverage for bodily injury to the named insured will not be viewed as violative of Georgia public policy. *Harbin v. Sams*, 171 Ga. App. 263, supra.

While appellants contend that the liability exclusion in the Tennessee Mutual policy violates public policy since William Clabo does not have any other liability insurance coverage protecting him and from which plaintiff Leslie Clabo could receive compensation for her injuries, there is no probative evidence that William Clabo lacks protection from other insurance. An affidavit, of an attorney representing plaintiff, submitted in support of plaintiff's motion for summary judgment states William Clabo had informed him by letter that he does not have any liability insurance. The letter is attached as an exhibit to the affidavit. This portion of the affidavit is clearly hearsay. The reduction of the hearsay statement to writing does not alter its character. *Dowdney v. Shadix*, 122 Ga. App. 119 (2) (176 SE2d 512). " '[O]rdinarily hearsay testimony is not only inadmissible but wholly without probative value, and its introduction without objection does not give it any weight or force whatever in establishing a fact.' [Cits.]" *Quinones v. Maier & Berkele, Inc.*, 192 Ga. App. 585, 588 (1c) (385 SE2d 719).

A genuine issue of material fact remains concerning whether there is any other insurance protecting William Clabo. Thus, while the superior court was correct in denying plaintiff's motion for summary judgment, it erred in granting summary judgment in favor of Tennessee Mutual on the issue of whether William Clabo is provided liability coverage.

*Judgment affirmed in part and reversed in part. Sognier, C. J., Carley, P. J., Pope and Cooper, JJ., and Judge Arnold Shulman, concur. Birdsong, P. J., Beasley and Andrews, JJ., concur in part and dissent in part.*

ANDREWS, Judge, concurring in part, dissenting in part.

I concur in that portion of the opinion and judgment affirming the denial of summary judgment to plaintiff Leslie Clabo, and granting summary judgment to defendant Tennessee Mutual, on the uninsured motorist benefits issue. However, I dissent from that portion of the opinion and judgment concluding that Tennessee Mutual was not entitled to summary judgment on the issue of liability coverage for defendant William Clabo.

The trial court correctly decided this issue in its order granting Tennessee Mutual's motion for summary judgment. Applying princi-

ples drawn from family exclusion clause cases, the trial court concluded, as a matter of law, that the policy provision excluding coverage for bodily injury to the named insured did not violate Georgia public policy because enforcing the exclusion did not leave an insured unfairly exposed to unanticipated liability, or leave an innocent injured party unprotected.

Under Georgia's statutory mandate for complete automobile liability insurance coverage, family exclusion provisions in a policy excluding coverage, where tort immunity would not otherwise preclude liability, "are not per se prohibited, but must be individually evaluated to determine whether they are against public policy." *Southern Guaranty Ins. Co. v. Preferred Risk &c. Co.*, 257 Ga. 355, 356 (359 SE2d 665) (1987). In applying this public policy analysis, "[a] clear thread of consistency runs through each of these cases as they apply the dual policies of protection for innocent victims of negligent members of the motoring public and protection of the insured against unfair exposure to unanticipated liability. This results in a basic rule that if either of the interests dealt with in those cases is left unprotected, the exclusionary clause in the insurance contract offends public policy." *Stepho v. Allstate Ins. Co.*, 259 Ga. 475, 476 (383 SE2d 887) (1989).

Leslie Clabo was the owner of the automobile and the named insured on the policy insuring the automobile. She is suing the driver, William Clabo, for injuries she sustained as a passenger in the automobile. William Clabo was driving the automobile with the permission of his ex-wife, Leslie Clabo, and as a "covered person" under the policy was insured against any bodily injury and property damage for which he becomes legally liable because of the accident. The policy provision at issue excludes liability coverage for bodily injury to the named insured.

If enforcement of the provision excluding coverage either leaves an innocent injured victim unprotected or results in unfair exposure of an insured to unanticipated liability, then the exclusionary clause violates public policy. *Stepho*, supra at 476. As the named insured in the policy, Leslie Clabo is deemed to know the contents of the policy, including the exclusionary provision, and was in a position to recognize the coverage risks. *Southern Guaranty*, supra at 356. Though the exclusion leaves her injuries unprotected by the policy, there is no public policy violation because her knowledge or position to know disqualifies her as an innocent unprotected victim. Id. at 356.

Nor does enforcement of this exclusion leave an insured unfairly exposed. As a permissive user of the automobile, William Clabo was a "covered person" and insured against any injuries or damage for which he might become liable as a result of an accident while driving the automobile. As the ex-husband of the named insured, William

Clabo's only claim to insured status under the policy was as a permissive user of the automobile. Enforcing the exclusion against coverage for injuries suffered by the named insured would leave him exposed to tort liability for injuries suffered by Leslie Clabo. Since they were no longer married at the time of the accident, no tort immunity applies.

However, as I read *Southern Guaranty* the public policy against unfair exposure to unanticipated liability was extended under the facts of that case only to protection of the named insured or an insured member of the household of the named insured. Such protection was not extended to Mrs. Gordon, whose only claim to insured status under the owner's policy was as a permissive user of the automobile. After determining under the first prong of the public policy analysis that the injured party's knowledge as a named insured disqualified her as an innocent unprotected victim, the court in *Southern Guaranty*, supra at 356 stated: "[N]either the named insured nor any member of the household was exposed to additional liability because of the exclusion under the facts of the case. From the standpoint of the named insured, coverage of Mrs. Gordon [the driver of the automobile and an insured under the policy only as a permissive user] is important only insofar as he [the named insured] might be exposed to liability as owner of the car for her accident while driving his car. It is clear that under the present facts he will suffer no such exposure." In *Southern Guaranty* the passenger injured while Mrs. Gordon was driving was the wife of the named insured so intrafamily tort immunity prevented his exposure. Although Mrs. Gordon was a permissive user insured, and she was not protected from liability by tort immunity, the court did not extend its public policy analysis to her exposure as an insured under the owner's policy. The court's reference to "coverage of Mrs. Gordon" apparently referred to the availability of coverage under her own separate automobile policy, which the court considered important only to the extent such coverage would reduce the exposure of the named insured by providing an alternative source of insurance for damages the named insured would have otherwise been liable for absent his tort immunity. I believe this reflects the court's judgment that, even in the absence of secondary coverage under another automobile policy, one whose only claim to insured status under the owner's policy is as a permissive user under the so-called omnibus clause cannot claim the lack of coverage under the owner's policy was unfair or unanticipated.

In the present case, William Clabo, the permissive user of the automobile, is the only insured exposed to liability by enforcement of the policy exclusion. Under these facts the public policy considerations at issue do not extend to that class of insured so the exclusionary clause is not invalidated by his exposure to liability.

Since the exclusionary clause in Tennessee Mutual's policy does not violate public policy, the policy provides no liability coverage for William Clabo.

I am authorized to state that Judge Beasley joins in this dissent.

DECIDED NOVEMBER 7, 1991 —
RECONSIDERATION DENIED DECEMBER 2, 1991 — 

*Feagin & Feagin, John E. Feagin, Jr., John Paul Jones*, for appellants.

*Rogers, Magruder, Sumner & Brinson, J. Clinton Sumner, Jr., Greene, Buckley, Jones & McQueen, Harold S. White, Jr., H. Lee Pruett*, for appellee.