A92A1034. EMPIRE FIRE & MARINE INSURANCE COMPANY
v. DOBBINS.
(423 SE2d 396)

POPE, Judge.

This case involves the application of a "radius of use" exclusion from coverage contained in a business automobile policy issued by appellant/defendant Empire Fire & Marine Insurance Company to appellee/plaintiff Bruce Dobbins d/b/a Dobbins Brothers Garage covering several commercial vehicles used in plaintiff's garage. The final page of the policy contains the following language:

"THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

"RADIUS OF USE — LIMITATION

"For the reduced premium in the declarations or in an attached endorsement,

"A. The insurance coverages under this policy do not apply: when a covered *auto* is operated beyond the mileage limitation shown under 'Radius of Use' in Item 4 of the declarations or in an attached endorsement.

"B. 'Radius of Use' will be determined from the location where the covered *auto* is principally garaged."

The declarations page states that the radius of use is 200 miles.

On March 7, 1989, one of the insured vehicles was stolen in Jacksonville, Florida, more than 200 miles from Chickamauga, Georgia, where the auto was principally garaged. Pursuant to the exclusion from coverage set forth above, the defendant refused to pay plaintiff's claim for theft coverage and plaintiff filed suit. This case was tried before a jury, which returned a judgment in the amount of $35,000 for plaintiff. Defendant appeals that judgment and the denial of its motion for directed verdict.

In two prior decisions interpreting Georgia law, radius of use limitations have been upheld. In *Wallace v. Va. Surety Co.*, 80 Ga. App. 50 (55 SE2d 259) (1949), the insured sued his insurer for declaratory judgment concerning the construction of a radius of use provision. The automobile covered by the policy was driven outside the radius of use area during a trip to Miami, but was within the radius of use

area at the time of the collision. The trial court granted declaratory judgment in the insurer's favor and this court upheld that judgment. In that case, in addition to the language suspending coverage for accidents and losses occurring outside the radius of use area, the policy contained the following language: " 'In consideration of the premium at which the policy is written, it is agreed that the automobile or automobiles described in the policy will be used and operated entirely within a radius of 500 miles of the place where such automobile or automobiles as described in said policy are principally garaged.' " Id. at 51. We held the quoted language created a promissory warranty that the insured violated by sending the automobile to Miami, Florida. Therefore, we found that for purposes of that trip, the insurer was entitled to declare the policy void. Id.

In *Canal Ins. Co. v. Baldree*, 489 F2d 1393 (5th Cir. 1974), the former Fifth Circuit Court of Appeals had occasion to construe Georgia law concerning a policy provision virtually identical to the policy language in this case — the policy contained a radius of use limitation but did not include a promise by the insured not to operate the vehicle outside the radius of use area. The court held that such a policy provision suspended coverage while the vehicle was operated outside the radius of use area. Id. at 1395.

Plaintiff contends the enactment of compulsory insurance laws renders geographical exclusions in insurance policies void as against public policy. In particular, plaintiff argues that, at the time of his loss, Georgia law mandated that all motorists must have no-fault coverage in the minimum amounts set forth in OCGA § 33-34-4[1] and, because the exclusion would suspend that required coverage, it is void as against public policy. We agree with plaintiff that we must reconsider our enforcement of geographical restrictions in light of the recent trend among states of enacting compulsory insurance laws.

"Competent parties are free to choose, insert, and agree to whatever provisions they desire in a contract, including insurance contracts, unless prohibited by statute or public policy. *Donaldson v. Pilot Life Ins. Co.*, 177 Ga. App. 748, 749 (341 SE2d 279) [(1986)]." *Simmons v. Select Ins. Co.*, 183 Ga. App. 128, 129 (1) (358 SE2d 288) (1987). The Georgia Supreme Court has held that compulsory insurance statutes do not prohibit exclusions per se, and that each exclusion must be individually evaluated to determine if it is against public policy. *Southern Guar. Ins. Co. v. Preferred Risk Mut. Ins. Co.*, 257 Ga. 355, 356 (359 SE2d 665) (1987) (upholding a family exclusion clause in an automobile liability policy). To determine if public policy is violated by a particular exclusion, Georgia courts must determine if

---

[1] Effective October 1, 1991, the Georgia Legislature repealed the No-Fault Act.

there will be prejudice to innocent members of the public or if there is unfair exposure of the insured to unanticipated liability. Id.

We hold that the radius of use limitation in question is not violative of public policy as applied in this case. Plaintiff's claim arises out of the comprehensive coverage of the policy, not the liability coverage. Georgia's former No-Fault Act established statutory minimum coverage only for certain liability claims. Thus, the purposes underlying the No-Fault Act are not nullified by allowing the parties to contract for comprehensive claims to be excluded from coverage if the loss occurs outside the radius of use area.[2] Innocent members of the public are not injured by the application of this exclusion since only the insured may make a comprehensive coverage claim for loss by theft. Furthermore, there is no unfair exposure of the insured to liability since the exclusion was attached as an endorsement to his policy and contained the following caveat at the top of the page: "THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY."[3] Accordingly, we hold that the trial court erred in denying defendant's motion for directed verdict.

*Judgment reversed. Carley, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATIONS DENIED OCTOBER 5, 1992 — 

*Dennis, Corry, Porter & Gray, Robert E. Corry, Jr., William E. Gray II, Linda M. Fitzgerald, Michael T. Thornton*, for appellant.
*Hatcher, Johnson & Meaney, James A. Meaney III*, for appellee.

---

[2] We note that if this case had involved a liability claim covered by the former No-Fault Act, the exclusion would be void as to all liability claims falling within the statutory minimum coverage. See *Equity Mut. Ins. Co. v. Spring Valley &c.*, 747 P2d 947 (Okla. 1987).

[3] Although plaintiff testified he did not receive a copy of the insurance policy in question until after the loss occurred, there was no evidence presented that defendant caused him not to receive a copy of the policy. Parties to a contract are presumed to know the contents thereof.