A93A1381. SPIVEY v. SAFEWAY INSURANCE COMPANY.
(437 SE2d 641)

ANDREWS, Judge.

Spivey and Stephens were involved in a one-car accident when the automobile in which both of them were riding swerved off the road into a power line pole on January 1, 1990. Spivey sued Stephens for damages resulting from the accident claiming Stephens negligently drove the car in which she was a passenger. Stephens answered claiming that Spivey was the negligent driver, and he was the passenger. The automobile at issue was insured by Safeway Insurance Company under a policy showing Spivey as the sole named insured. Safeway brought the subject declaratory judgment action against Spivey and Stephens seeking a declaration that it had no liability under the policy. Spivey moved for dismissal of the declaratory judgment action on grounds that there was no actual controversy sufficient to sustain the action. The trial court entered an order which denied the motion to dismiss, and, in effect, granted partial summary judgment, sua sponte, in favor of Safeway. The trial court ruled that regardless of whether Spivey or Stephens was the driver, Spivey was not entitled to recover under the policy for any bodily injuries or property damage she claims to have suffered as a result of the accident, and therefore Safeway had no obligation to defend Stephens, who was covered under the policy as the alleged permissive driver, against any such claims. The trial court further ruled that Safeway

was obligated to defend Spivey against claims in the pending action apparently brought by Stephens against Spivey on the allegation that Spivey was the driver. Only Spivey appealed from the order of the trial court.

1. Although normally the interlocutory appeal procedures of OCGA § 5-6-34 (b) must be followed to take an appeal from the denial of a motion to dismiss, Spivey was entitled to a direct appeal in this case from what appears to be a final order addressing the issues raised in the petition for declaratory judgment, and granting summary judgment in favor of Safeway. *Olympic Dev. Group v. American Druggists' Ins. Co.*, 175 Ga. App. 425 (333 SE2d 622) (1985). Even though there was no summary judgment motion before the trial court, summary judgment may be granted, sua sponte, by the trial court to a non-moving party "provided the grant is proper in all other respects." *Howell Mill/Collier Assoc. v. Pennypacker's*, 194 Ga. App. 169, 170 (390 SE2d 257) (1990); *Famble v. State Farm Ins. Co.*, 204 Ga. App. 332, 336 (419 SE2d 143) (1992). This means that in addition to ensuring the record supports such a judgment, the trial court must ensure that the party against whom summary judgment is rendered is given full and fair notice and opportunity to respond prior to entry of summary judgment. Id. at 336; OCGA § 9-11-56. The record does not reflect what steps, if any, were taken to provide Spivey with notice and an opportunity to respond, but since Spivey does not enumerate this as error on appeal, nor claim she was denied such notice and opportunity in the trial court, this issue has been waived. See *Peppers v. Elder*, 248 Ga. 136, 137 (281 SE2d 582) (1981); compare *Smith v. Ticor Title Ins. Co. &c.*, 200 Ga. App. 534, 535 (408 SE2d 833) (1991); *Smith v. Smith*, 165 Ga. App. 532, 533 (301 SE2d 696) (1983).

2. There is no merit to Spivey's claim that the trial court erroneously ruled that Safeway had no obligation to defend Spivey against any claim by Stephens. To the contrary, the trial court expressly ruled otherwise.

3. Spivey claims the trial court erred by ruling that she is precluded from recovering under her Safeway policy for any bodily injuries or property damages she suffered in the accident. Spivey was the sole named insured in the automobile liability policy at issue. She claims she was injured as a passenger, and is entitled under the policy to payment of damages caused by Stephens' negligent operation of the car while he was driving with her permission. The policy provides that Safeway "will pay damages for bodily injury or property damages for which any covered person becomes legally responsible because of an auto accident." Stephens was a "covered person" under the policy because he was driving with Spivey's permission. The policy also excluded coverage "[f]or bodily injury, property damage or death sustained by any insured or any member of the family of an insured re-

siding in the same household as the insured."

The trial court concluded that this exclusion precluded Spivey, the named insured, from any recovery under the policy. Of course, enforcing the exclusion under these circumstances may leave Spivey without insurance coverage for her damages, and would leave Stephens, the permissive driver, exposed to potential tort liability for damages suffered by Spivey, unless Stephens was otherwise covered by his own liability insurance from which Spivey could be compensated for her damages. There is no claim that tort immunity exists between Spivey and Stephens. Spivey argues that at the time of the accident, minimum liability coverage was mandated by statute in Georgia, and therefore the exclusion at issue suspending such coverage was void as against public policy. "The Georgia Supreme Court has held that compulsory insurance statutes do not prohibit exclusions per se, and that each exclusion must be individually evaluated to determine if it is against public policy. *Southern Guar. Ins. Co. v. Preferred Risk Mut. Ins. Co.*, 257 Ga. 355, 356 (359 SE2d 665) (1987) (upholding a family exclusion clause in an automobile liability policy)." *Empire Fire &c. Ins. Co. v. Dobbins*, 205 Ga. App. 700, 701 (423 SE2d 396) (1992). Where enforcement of the exclusion from coverage would leave an innocent injured victim unprotected, or would result in unfair exposure of an insured to unanticipated liability, then the exclusionary clause violates public policy. *Stepho v. Allstate Ins. Co.*, 259 Ga. 475, 476 (383 SE2d 887) (1989); *Southern Guar. Ins. Co.*, supra at 356.

The Supreme Court in *Southern Guar. Ins. Co.* enforced a policy provision excluding coverage for damages suffered by the insured, who was injured while a passenger in the car insured under the policy. The exclusion enforced in that case left the injured insured without coverage under the policy at issue, and left the permissive driver of the car with no coverage under the insured's policy, and exposed to potential tort liability unless the permissive driver was covered by her own separate liability insurance policy. In determining whether the exclusion violated public policy by leaving an innocent injured victim unprotected, or unfairly exposed an insured to unanticipated liability, the Supreme Court concluded under the first prong that the injured insured was not an innocent unprotected victim because as a named insured she was deemed to know the contents of the policy, which included knowledge of the exclusion. Id. at 356. Although it appears the permissive driver in *Southern Guar. Ins. Co.* was covered under her own separate automobile liability policy, in analyzing the second prong the Supreme Court did not conclude that the permissive driver was an insured under the policy who could claim unfair exposure to unanticipated liability if no such separate secondary coverage existed. Rather, the Court focused on insureds named in the policy.

"[N]either the named insured nor any member of the household was exposed to additional liability because of the exclusion under the facts of the case. From the standpoint of the named insured, coverage of [the permissive driver] is important only insofar as [the named insured] might be exposed to liability as owner of the car for [the permissive driver's] accident while driving [the named insured's] car. It is clear that under the present facts [the named insured] will suffer no such exposure." Id. at 356. Nothing in the Supreme Court's opinion indicates that a person covered under the policy only as a permissive driver occupies the position of an insured under the policy who may be unfairly exposed to unanticipated liability. See *Clabo v. Tennessee Farmers Mut. Ins. Co.*, 202 Ga. App. 110, 114-115 (413 SE2d 476) (1991) (Andrews, J., dissenting). Neither *Southeastern Fidelity Ins. Co. v. Chaney*, 259 Ga. 474 (381 SE2d 747) (1989) nor *Stepho v. Allstate Ins. Co.*, supra, which found similar exclusions violated public policy, are contrary authority, since in both of those cases the drivers who would have been left exposed to liability were named insureds under the policies.

In the present case, although the exclusion would leave Spivey, the alleged injured victim, unprotected under the policy, she is the named insured presumed to know the contents of the policy, and does not occupy the status of an innocent victim. *Southern Guar. Ins. Co.*, supra at 356. Although the exclusion leaves Stephens without coverage under the policy, and exposed to potential liability assuming he has no insurance coverage of his own, his claim to coverage solely on the basis of being a permissive driver does not qualify him as an insured under the policy unfairly exposed to unanticipated liability. To the extent *Clabo*, supra, holds otherwise, it is overruled. Moreover, there is no compelling reason in this case for any public policy concern that Stephens may be unfairly exposed to liability, since he did not raise this issue in his own behalf by appealing from the trial court's order. Since enforcing the exclusion from coverage in this case would not leave an innocent victim unprotected, nor unfairly expose an insured to unanticipated liability, there was no error in the trial court's ruling.

4. Spivey's third enumeration of error is unclear. It appears to state an objection to the trial court's ruling that since Spivey is not covered under the Safeway policy, Safeway is not obligated to defend a claim by Spivey against Stephens. We find no error.

5. Lastly, Spivey contends the trial court erred by failing to grant her motion to dismiss, which was made on the basis that there was no actual controversy sufficient to sustain a petition for declaratory judgment. This enumeration was not supported in appellant's brief by citation of authority or argument and is deemed to have been abandoned. Court of Appeals Rule 15 (c) (2).

*Judgment affirmed. Birdsong, P. J., Beasley, P. J., Johnson and Smith, JJ., concur. Pope, C. J., McMurray, P. J., Cooper and Blackburn, JJ., dissent.*

McMURRAY, Presiding Judge, dissenting.

The majority opinion in this case brings before this court the same issues which were previously resolved by a divided court in *Clabo v. Tennessee Farmers Mut. Ins. Co.*, 202 Ga. App. 110 (413 SE2d 476) (cert. denied by the Supreme Court of Georgia). I believe that the *Clabo* decision is correct, and that application of that decision in the case sub judice would require a partial reversal of the trial court's judgment. Therefore, I respectfully dissent.

In the time since *Clabo* was decided half of the judges who joined in that majority opinion have left the court while the three dissenting judges remain. Thus, prior to consideration of this case, the Court is equally divided into three groups who have either previously supported one side or the other of this controversy, or have not spoken on this issue.

Distilled to the simplest possible explanation, *Clabo* involves an application of the overriding public policy of complete liability coverage in connection with motor vehicles for the protection of the public and insureds, and any exclusions broader than the tort immunity of this state are against public policy and will not be upheld. *GEICO v. Dickey*, 255 Ga. 661 (340 SE2d 595). Few exceptions to this preference for coverage have been identified. *Clabo* at 112.

Undoubtedly, the division of this court stems in large part from certain language in the decision of *Southern Guar. Ins. Co. v. Preferred Risk Mut. Ins. Co.*, 257 Ga. 355 (359 SE2d 665), where the Supreme Court found that an exclusion clause did not offend public policy and should be upheld. However, the Supreme Court subsequently noted that that case involved "a peculiar set of facts under which neither the injured party nor the insured was left unprotected." *Stepho v. Allstate Ins. Co.*, 259 Ga. 475, 476 (1) (383 SE2d 887). In the words of the *Stepho* court: "We therefore concluded that the exclusion clause *under those unusual circumstances* did not offend public policy and should be upheld." (Emphasis supplied.) Id. at 476.

Furthermore, in *Stepho*, the Supreme Court undertook to synthesize its decisions in *Southern Guaranty* and *GEICO v. Dickey*, 255 Ga. 661, supra. Inasmuch as *Stepho* attempted to highlight the "clear thread of consistency" which runs through *Southern Guaranty* and related cases, perhaps *Southern Guaranty* should be remembered more for the manner in which it is described in *Stepho* than for the exact words of the decision itself.

In my view, it is significant that in *Stepho*, the Supreme Court in distinguishing the related cases makes specific reference to the fact

that the injured insured party in *Southern Guaranty* was protected because of the availability of insurance proceeds from the alleged tortfeasor's policy. In the case sub judice, there is no indication as to whether the alleged tortfeasor is protected by any separate insurance policy. Thus, as in *Clabo*, I would hold that the exclusion at issue in the case sub judice is contrary to public policy to the extent that it will cause Stephens, an alleged tortfeasor and insured under the policy, to be unprotected up to the amount of mandatory liability coverage. In my view, the trial court erred in determining that Safeway had no obligation to defend Stephens since there was no evidence showing that Stephens was protected by any other insurance policy.

Under the particular facts and circumstances of the case sub judice, I cannot agree that the decision in *Southeastern Fidelity Ins. Co. v. Chaney*, 259 Ga. 474 (381 SE2d 747) can be distinguished from the case sub judice. In my view, the crux of that decision seems to be stated in Division 4 of that opinion predicated upon the *GEICO* decision and the test stated therein. That the alleged tortfeasor is a named insured on the policy in question is revealed in the account of the facts of that case, but the analysis makes no connection between that fact and the holding of the case. *Southern Guaranty* is mentioned only in connection with the synthesis contained in *Stepho*. Consequently, *Southeastern Fidelity Ins. Co. v. Chaney*, 259 Ga. 474, supra, which is one of the most recent Supreme Court decisions relevant to this controversy, reiterates the prominence of the test stated in *GEICO* and upon which *Clabo* is predicated, and should be recognized as controlling precedent in the case sub judice.

I am authorized to state that Chief Judge Pope, Judge Cooper and Judge Blackburn join in this dissent.

DECIDED NOVEMBER 4, 1993.

*Williams & Henry, Phillip C. Henry, Arthur L. Myers, Jr., Richard A. Thane, Bannister & Black, Charles C. Black,* for appellant.
*Crim & Bassler, Nikolai Makarenko, Jr., Charles W. Lane,* for appellee.