**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**November 20, 2012**

# In the Court of Appeals of Georgia

A12A1179.  LANDRUM  et al.  v.  INFINITY  SAFEGUARD
INSURANCE COMPANY.

BOGGS, Judge.

Sandra Landrum and Kenneth Turner appeal from the trial court's order granting summary judgment in favor of Infinity Safeguard Insurance Company ("Infinity"). Appellants contend that the trial court erred by failing to find a policy exclusion void as against public policy. For the reasons explained below, we affirm.

"On appeal from the denial or grant of summary judgment, [the appellate court] must conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." (Citation omitted.) *Northwest Carpets v. First Nat. Bank*, 280 Ga. 535, 538 (1) (630

SE2d 407) (2006). So viewed, the record shows that Landrum was a passenger in a car driven by her adult grandson, Turner, when he ran a stop sign and caused an accident with a third party. At the time of the accident, Landrum was the owner of the car driven by Turner, and Turner resided with her. Following the accident, Landrum filed a complaint against Turner seeking damages for her personal injuries.

Turner did not own a vehicle and was not insured under any automobile insurance policy other than the one at issue in this appeal. In an affidavit submitted below, Turner states that he knew of and relied upon his grandmother's insurance policy because he did not have any other automobile liability insurance. He also averred that he would not have driven his grandmother's car if he had known that it would not provide coverage for injuries to her.

Landrum is the only named insured listed on the declarations page of the policy issued to her by Infinity. The policy provides that Infinity "will pay damages for bodily injury and property damage for which an insured person is legally liable because of an accident. . . ." The policy provided bodily injury liability coverage in the amount of $25,000 per person and $50,000 per accident. The liability portion of the policy defines an insured person as "(1) you, a relative or a resident; or (2) A person using the insured auto with your express or implied permission." It defines

2

"relative" to include "any person related to you by blood, marriage, or adoption . . . who lives in your household, whether or not temporarily living elsewhere. . . . Any relative must be listed on the application[1] or endorsed on the policy prior to a loss." The policy excludes liability coverage for "bodily injury to you" and "you" is defined to include "the named insured shown on the Declarations Page."

Based upon these policy definitions and exclusions, Infinity filed a declaratory judgment action against Landrum and Turner seeking clarification of its obligations under the policy. After completing minimal written discovery, Infinity moved for summary judgment in its favor, contending there was no liability coverage based upon the policy exclusion for bodily injury to a named insured, and there was no uninsured motorist coverage because Landrum's vehicle did not fall within the policy definition of an uninsured motor vehicle. Landrum and Turner opposed the motion based upon their contention that the bodily injury exclusion violates public policy. They did not dispute Infinity's contentions with regard to a lack of uninsured motorist coverage under the policy. Following a hearing on Infinity's motion, the trial court granted summary judgment in favor of Infinity.

---

[1] The record before us does not include Landrum's application.

On appeal, Landrum and Turner contend that the policy exclusion for bodily injury to a named insured violates public policy because Landrum is an innocent member of the motoring public and Turner will be left with unfair exposure to unanticipated liability. "The argument that an automobile policy's exclusions might offend public policy stems from the legislature's enactment of the mandatory insurance statute." (Citations and punctuation omitted.) *Federated Mut. Inc. Co. v. Dunton*, 213 Ga. App. 148, 148-149 (1) (444 SE2d 123) (1994). "[S]ince Georgia law does not require liability insurance in every case, [the Supreme Court of Georgia has] concluded that exclusions are not per se prohibited but must be individually evaluated to determine whether they are against public policy." *Southern Guaranty Ins. Co. v. Preferred Risk Mut. Ins. Co.*, 257 Ga. 355, 356 (359 SE2d 6650 (1987).

In *Southern Guaranty*, the Supreme Court of Georgia held that a family exclusion clause did not violate public policy because it did not "unfairly penalize[] innocent victims or unfairly expose[] the insured to liability." In that case, a nonrelative permissive driver was involved in an accident in which her passenger, an insured under the policy at issue, was injured. The passenger's husband was the named insured of the policy. Id. at 355. The policy contained an exclusion for "bodily injury to the insured." Id. at 355. The Supreme Court held that

4

> While presumably innocent of any wrongdoing, [the injured passenger] is not an innocent member of the motoring public in the sense of being an unsuspecting victim. As an insured she is deemed to know the contents of the policy. This includes knowledge of the exclusion. Since it was only through her permission that [someone else] was driving the car covered by the policy, [the passenger], presumably knowledgeable about the exclusion in the policy covering the car, was in a position to inquire about [the driver]'s insurance. On the other hand, neither the named insured nor any member of the household was exposed to additional liability because of the exclusion under the facts of the case. From the standpoint of the named insured, coverage of [the driver] is important only insofar as [the named insured] might be exposed to liability as owner of the car for [the driver's] accident while driving [the named insured's] car. It is clear that under the present facts he will suffer no such exposure.

(Citation and punctuation omitted.) Id. 356.

In *Stepho v. Allstate Ins. Co.*, 259 Ga. 475 (383 SE2d 887) (1989), the Supreme Court distinguished its decision in *Southern Guaranty*, supra, by explaining that intrafamily tort immunity existed between the husband/owner of the car and the passenger, his injured wife. Id. at 477 (1). Thus, the husband/owner of the car was not exposed to tort liability. Additionally, the injured passenger was protected based upon the availability of separate insurance coverage under the permissive driver's policy.

5

Id. Finally, it characterized its decision in *Southern Guaranty* as dealing "with a peculiar set of facts under which neither the injured party nor the insured were left unprotected." Id. at 476 (1).

In *Stepho*, on the other hand, an adult was driving his minor brother when an accident occurred, injuring the minor. Id. at 475. The father, with whom the minor lived, sued his adult son, who was authorized to and was driving the father's truck at the time of the accident. Id. Both the father and the adult son driving the truck at the time of the accident were named insureds of a policy covering the truck. Id. The Supreme Court held that based upon a lack of immunity between the brothers and a lack of protection for the injured party, an exclusion of "liability for injury to any person related by blood to the insured and residing in the insured's house" was void as against public policy to the extent of mandatory coverage. Id. at 477 (1).

Similarly, in *Southeastern Fidelity Ins. Co. v. Chaney*, 259 Ga. 474 (381 SE2d 747) (1989), the Supreme Court voided as against public policy an exclusion of coverage for bodily injury to a named insured. Id. at 475 (5). In *Chaney*, the named insured was injured in her own vehicle while her adult daughter, who was also a named insured of the policy covering the vehicle, was driving. Id. at 474. The Supreme Court held that the daughter, as an emancipated adult, was exposed to

6

liability "because the doctrine of intrafamily immunity does not apply." Id. at 475 (3). Because the exclusion was "broader than the immunity under our tort system, it is against public policy and cannot be enforced." Id. at 475 (5). The Supreme Court did not address whether the mother was an innocent member of the motoring public.

Following the Supreme Court's trilogy in *Southern Guaranty*, *Stepho*, and *Chaney*, this court has consistently upheld an exclusion of coverage for an injured named insured passenger when the insured car is driven by a permissive driver who does not reside with the named insured. See *Spivey v. Safeway Ins. Co.*, 210 Ga. App. 775, 778 (3) (437 SE2d 641) (1993);[2] *Cotton States Mut. Ins. Co. v. Coleman*, 242 Ga. App. 531, 532 (530 SE2d 229) (2000); *Smith v. Nationwide Mut. Ins. Co.*, 258 Ga. App. 570, 572 (3) (574 SE2d 627) (2002). A driver's "claim to coverage solely on the basis of being a permissive driver does not qualify him as an insured under the policy unfairly exposed to unanticipated liability." *Spivey*, supra, 210 Ga. App. at 778 (3).

---

[2] The author of *Spivey*, supra, had noted in a previous dissent that "the public policy against unfair exposure to unanticipated liability was extended under the facts of [*Southern Guaranty*, supra] only to protection of the named insured *or* an insured member of the household of the named insured." (Emphasis supplied.) *Clabo v. Tennessee Farmers Mut. Ins. Co.*, 202 Ga. App. 110, 115 (413 SE2d 476) (1991), overruled by *Spivey*, supra, 210 Ga. App. at 778 (3).

In the case before us, Landrum, the named insured and injured passenger, was injured in an accident while her adult grandson was driving her car, and it is undisputed that the grandson resided with her. As the named insured, Landrum is presumed to have knowledge of the contents of her policy, and she therefore cannot void the policy exclusion on the ground that she is an innocent member of the motoring public. *Southern Guaranty*, supra; *Spivey*, supra.

Our analysis does not end here, however, because the Supreme Court has recognized that a policy exclusion should be voided to protect *either* an innocent victim *or* an insured facing unfair exposure to unanticipated liability. *Stepho,* supra, 259 Ga. at 476 (1). In this case, the trial court concluded in its order that Turner is *not* a relative insured by the policy, but instead a mere permissive driver, based upon the policy language requiring a relative to be listed on "the application or endorsed on the policy prior to a loss." While the record before us does not include the application, we must presume that the trial court's finding is supported by the record based upon the absence of a transcript of the summary judgment hearing. See *Burt v Dev. Co. v. Lee County Tax Assessors*, 240 Ga. App. 451, 453 (2) (523 SE2d 81) (1999). And it is undisputed that Turner was not listed in the policy itself.

Based upon Turner's status as a permissive driver, the trial court properly declined Turner's request to void the policy exclusion. Under these particular facts and circumstances, Turner does not face *unfair* exposure to unanticipated liability. *Spivey*, supra. The essence of the arguments asserted by Turner in favor of coverage was rejected by a majority of this court in *Spivey*, supra. See 210 Ga. App. at 779-780 (McMurray, J., dissenting). In *Spivey*, a majority of this court interpreted the Supreme Court's opinions in *Southern Guaranty*, *Stepho*, and *Chaney* as creating a bright line rule against voiding a policy exclusion for permissive users such as Turner. Based upon the doctrine of stare decisis and the need for predictability, certainty, and stability in the law, we decline to revisit this issue. See *Stout v. Cincinnati Ins. Co.* 269 Ga. 611, 613 (502 SE2d 226) (1998) (reversing Court of Appeals, in part, based upon its failure to adhere to doctrine of stare decisis).

*Judgment affirmed. Doyle, P. J. and Andrews, J., concur.*