A91A0842. SOUTHERN GENERAL INSURANCE COMPANY v. BUCK et al.
(413 SE2d 481)

BEASLEY, Judge.
Plaintiff/appellant Southern General Insurance Company appeals from an order of the trial court granting summary judgment to the defendant/appellees and denying its cross-motion for summary judg-

ment in this declaratory judgment action.

A collision occurred between an automobile driven by appellee Buck and a tractor-trailer rig operated by appellee Hall for the business purpose of hauling logs. The tractor portion of the rig was owned by appellee Smith and the trailer portion was owned by appellee Cowart. Both the Smith tractor and the Cowart trailer were insured under separate commercial automobile policies, both of which had coincidentally been issued by Southern General.

Buck sued for damages allegedly resulting from the collision, naming Hall, Smith and Cowart as party defendants. Southern General provided a defense on behalf of Hall, Smith and Cowart pursuant to reservation of rights letters issued to its insureds.

Southern General also filed the complaint here subject for declaratory relief against Hall, Smith, Cowart, and Buck. it sought a stay in the underlying tort action as well as a judicial determination that it is not obligated to defend any party or pay any judgment obtained in that action because of identical exclusions in the policies issued to both Smith and Cowart. Buck's uninsured motorist carrier was joined as a party defendant. The request for a stay was denied and the parties filed their cross-motions for summary judgment.

1. In their collective motions, the appellees asserted that Southern General was barred from seeking declaratory relief because it waited 14 months after the filing of the main claim to seek a determination as to coverage. In an oral ruling during the hearing on the cross-motions for summary judgment, the trial court rejected that contention, finding that there was no waiver of Southern General's right to question coverage. Appellees contend the trial court's ruling was erroneous. Southern General responds that the ruling may not be challenged in the absence of a cross-appeal. "The general rule is that an appellee must file a cross-appeal to preserve enumerations of error concerning adverse rulings. OCGA § 5-6-38; [Cit.] However, a ruling that becomes material to an enumeration of error urged by an appellant may be considered by the appellate court without the necessity of a cross-appeal." *Georgia &c. Plastic Surgeons v. Anderson*, 257 Ga. 710, 711 (1) (363 SE2d 140) (1987). Consideration of the waiver issue is a necessary threshold inquiry to the disposition of the merits of Southern General's claims. For that reason we will review the ruling that Southern General's delay in filing the declaratory judgment action did not operate as a waiver of the right to question its obligation for coverage.

2. *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215 (231 SE2d 245) (1976), established guidelines with respect to whether a declaratory judgment action by an insurer is brought in a timely manner: "Upon learning of facts reasonably putting it on notice that there may be grounds for noncoverage and where the insured refuses

to consent to a defense under a reservation of rights, the insurer *must* thereupon (a) give the insured proper unilateral notice of its reservation of rights, (b) take necessary steps to prevent the main case from going into default or to prevent the insured from being otherwise prejudiced, and (c) seek immediate declaratory relief including a stay of the main case pending final resolution of the declaratory judgment action." Id. at 219. The rationale articulated is that this course of action is fair to both the insured and the insurer. It fully informs the insured, prevents any default from being obtained in the litigation, and protects the rights of both insured and insurer pending the outcome of the declaratory judgment action. Id. at 220.

The Supreme Court further explained that "[t]he rule enunciated in *Richmond* is based on principles of fairness, and, in determining whether an insurer has met the requirements thereof, the crucial inquiry is whether the rights of the insured have been adequately protected." *Kelly v. Lloyd's of London*, 255 Ga. 291, 293 (2) (336 SE2d 772) (1985). Where no prejudice was demonstrated by the insured resulting from the time of filing of the action, and 14 days after answer was deemed a reasonable time for seeking declaratory judgment, the Court held that the filing was timely so there was no waiver of the right to seek relief. Id. at 294. That "the rule is based on fairness" was reiterated in *Caldwell v. State Farm Fire &c. Ins. Co.*, 192 Ga. App. 419 (385 SE2d 97) (1989). In applying the rule, the court considered that the insureds had been put on notice that insurer questioned coverage, that insurer "moved promptly" to file for declaratory judgment, and that insured was already actively represented in the tort action by his own attorney.

Southern General undisputedly complied with the first two requirements under *Richmond*. It defended the suit with its own counsel and participated in discovery. However, it did not bring the declaratory judgment action until nearly 14 months following the filing of the underlying tort claim. It learned of the suit after it had been served on those defendants.[1] While we disapprove of such a lengthy delay and recognize that the immediacy requirement of *Richmond* has not been met, we cannot, in the absence of a showing of prejudice by the appellees as movants on summary judgment, conclude as a matter of law that Southern General waived its right to seek a judicial determination of its obligation for coverage under the policies of insurance. The trial court's rejection of waiver is affirmed.

3. Southern General contends that the trial court erred in denying summary judgment and granting summary judgment to the appel-

---

[1] In *Kelly v. Lloyd's of London*, supra, it was stated that the insurer's obligation to file a declaratory judgment action begins to run following the answer, not the filing of the suit but the record does not show when the answer in the underlying tort action was filed.

lees with respect to whether the policies provided coverage for Buck's claim.

The two commercial automobile policies contain similar provisions. Under Part A (the insuring agreements and exclusions), both policies cover bodily injury and property damage liability caused by the insured's vehicle. The insured vehicle in both policies is listed on the declarations page as a "tractor." An endorsement to each policy defines coverage of semi-trailers (or trailers) where the insured vehicle is a tractor as follows: "[T]he following description of an insured semi-trailer applies: Any owned semi-trailer while singularly attached to the insured tractor." The rig, consisting of Smith's tractor and Cowart's trailer, is not covered under Smith's endorsement because it is not "owned" by the named insured, Smith. Nor is it covered under Cowart's policy because Cowart did not own both component parts.

The exclusions relied upon by Southern General provide: "This policy does not apply: under coverages A and B [bodily injury and property damage liability], while the [tractor] is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company; or while any trailer covered by this policy is used with any [vehicle] owned or hired by the insured and not covered by like insurance in the company." Thus, coverage for the rig is excluded under the foregoing standard exclusion for the reason that the tractor was towing a trailer which was "not covered by like insurance in the company." It is of no import whether Smith had "hired" the trailer from Cowart, as asserted by appellee, since the rig is clearly excluded from coverage unless both component parts are covered by "like" insurance, i.e., by the same insured. The business purpose endorsement covered each unit only when it was used with another unit owned or hired by the insured.

The policies are unambiguous. They exclude coverage for non-owned trailers attached to an insured tractor and exclude coverage of the tractor unless it is attached to a trailer owned or hired by the named insured and like-insured. That is, both policies exclude coverage for the entire vehicle if the covered tractor was used to tow a trailer not owned or hired by the tractor's insured, *and* not covered by like insurance in the company. Both policies exclude coverage of a trailer owned by an insured which is being pulled by a tractor not owned by the trailer's insured. Accord *S & T Timber v. Southern Gen. Ins. Co.*, 198 Ga. App. 18 (400 SE2d 379) (1990), construing identical policy provisions. See also *Southern Trust Ins. Co. v. Ga. Farm Bureau Mut. Ins. Co.*, 194 Ga. App. 751 (4) (391 SE2d 793) (1990). It was error to deny summary judgment to Southern General and to grant summary judgment to the appellees with respect to coverage for the collision with Buck's vehicle.

*Judgment affirmed in part and reversed in part. Carley, P. J.,*

*and Judge Arnold Shulman concur.*

Decided November 12, 1991 —
Reconsideration denied December 2, 1991 —

Brennan & Wasden, Joseph P. Brennan, Wiley A. Wasden III, Mary R. Piette, Marvin W. McGahee, for appellant.

Ronald W. Hallman, Sutton & Slocomb, Berrien L. Sutton, William E. Callaway, Jr., Beckmann & Pinson, Joseph H. Barrow, for appellees.