A92A2141. MEELER et al. v. NATIONAL INSURANCE
ASSOCIATION.
(427 SE2d 103)

McMurray, Presiding Judge.

Plaintiff National Insurance Association seeks a declaratory judgment that it is not obligated, under an automobile insurance policy it issued to defendant James E. Ramsey, to provide coverage or to pay the amount of any verdict or judgment arising from a certain motor vehicle collision involving defendant John Scott Ramsey. Defendants Natalie Meeler and Anita Meeler filed an action against John Scott Ramsey and James E. Ramsey alleging that Natalie Meeler sustained severe injury in a collision as the result of the negligence of John Scott Ramsey. Defendants John Scott Ramsey and James E. Ramsey contend that they are insured under the policy issued by plaintiff to James E. Ramsey. Plaintiff contends that the insurance policy provides no coverage on behalf of John Scott Ramsey or James E. Ramsey for the claims made against them by Natalie Meeler and Anita Meeler.

Plaintiff moved for summary judgment and defendants Natalie Meeler and Anita Meeler filed an opposing motion for summary judgment. Defendants Natalie Meeler and Anita Meeler appeal the grant of plaintiff's motion for summary judgment and the denial of their motion for summary judgment. *Held:*

The issues presented before the superior court and argued again on appeal relate in large part to the proper construction of the insurance policy at issue. Unfortunately, insufficient information as to the language of this contract has been included in the evidence of record. The only purported copy of the insurance policy contained in the record is incorporated in plaintiff's statement of material facts as to which there is no genuine issue to be tried which was filed pursuant to Rule 6.5 of the Uniform Superior Court Rules. While the statement as to the language of the entire insurance policy was not contested, this does not constitute an admission that the statement is correct. The statement is intended to facilitate the summary judgment decision-making process and is not analogous to a request for admissions under OCGA § 9-11-36. *Waits v. Makowski*, 191 Ga. App. 794, 796 (2) (383 SE2d 175). While one paragraph of plaintiff's statement of material facts as to which there is no genuine issue to be tried is admitted to contain a portion of the insurance policy at issue, the admitted paragraph does not contain all portions of the insurance policy germane to the decision of the issues on appeal. The movant has the burden to prove the non-existence of any genuine issue of material fact. *Haire v. City of Macon*, 200 Ga. App. 744, 746 (409 SE2d 670). Due to the absence of evidence as to the terms of the contract at issue, the grant of summary judgment in favor of plaintiff must be

reversed and the denial of the motion for summary judgment submitted by defendants Natalie Meeler and Anita Meeler must be affirmed. *Rivergate Corp. v. BCCP Enterprises*, 198 Ga. App. 761, 762 (403 SE2d 65).

*Judgment affirmed in part and reversed in part. Cooper and Blackburn, JJ., concur.*

DECIDED JANUARY 19, 1993.

*Reynolds & McArthur, Bradley J. Survant*, for appellants.
*Dennis, Corry, Porter & Gray, William E. Gray II, Pamela J. Byrd*, for appellee.