A93A1088. KILGORE et al. v. SOUTHERN GENERAL
INSURANCE COMPANY.
A93A1089. KILGORE v. INTERNATIONAL INDEMNITY
COMPANY.
(436 SE2d 547)

BLACKBURN, Judge.

On May 31, 1990, a 1972 International tractor owned by Ray West was involved in a motor vehicle collision. Attached to the tractor was a trailer owned by Edward Rix, who was driving the tractor-trailer rig hauling a load of pulpwood at the time.

Southern General Insurance Company had issued a commercial automobile insurance policy to West providing liability coverage for his 1972 tractor. International Indemnity Company had issued a business automobile insurance policy to Rix providing coverage for a 1977 GMC tractor owned by Rix. When West and Rix were sued by individuals who were injured in the collision, they sought coverage and a defense under their respective insurance policies. Both insurers sought declaratory judgment that the insurance policies provided no coverage for the collision. These appeals follow from the grant of summary judgment in favor of both insurers.

*Case No. A93A1088*

1. It was undisputed that at the time of the collision, West had hired Rix to haul the load of pulpwood. Rix owned both a tractor and a trailer, but because his tractor was out of service, Rix used West's tractor to tow his trailer loaded with the pulpwood. Rix did not charge West for the use of his trailer.

Southern General obtained declaratory judgment on the grounds that the policy issued to West excluded coverage "while the automobile is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in this company." The appellants contend that the exclusion was inapplicable in this case, because the trailer was borrowed, and not "owned or hired."

In a case involving similar facts and two insurance policies containing the same exclusion in question here, this court found that the policies unambiguously excluded "coverage for non-owned trailers attached to an insured tractor and exclude coverage of the tractor unless it is attached to a trailer owned or hired by the named insured and like-insured. That is, both policies exclude coverage for the entire vehicle if the covered tractor was used to tow a trailer not owned or

hired by the tractor's insured, *and* not covered by like insurance in the company." *Southern Gen. Ins. Co. v. Buck*, 202 Ga. App. 103, 106 (413 SE2d 481) (1991). It was "of no import" whether the owner of the tractor had hired the trailer, because coverage for the entire tractor-trailer rig was excluded "unless both component parts are covered by 'like' insurance, i.e., by the same insured." Id.

Similarly, the appellants' attempt to avoid application of the exclusion in this case by distinguishing between "owned or hired" and "borrowed" is unavailing. It was uncontroverted that at the time of the motor vehicle collision, West had not obtained insurance on the trailer that was towed by his tractor. Under these circumstances, the unambiguous terms of the insurance policy excluded coverage, and the trial court properly granted summary judgment for Southern General on that basis.

2. The appellants also contend that the Mount Vernon Insurance Agency, which procured the insurance through Southern General, acted as dual agent for both Southern General and West. They further contend that West had requested coverage for non-owned trailers and that the agency advised him that such coverage would be provided. For those reasons, they assert that Southern General may be liable for the agency's failure to procure the requested coverage.

"It is generally recognized that where an agent represents two adverse parties in a transaction with the knowledge and consent of both, neither principal is liable to the other for the tortious acts of the agent so situated where the opposite principal is not in complicity with the agent or in no way participates in the tortious act. . . . [E]ach of the principals is under an equal duty to exercise ordinary care in selecting and supervising the agent to protect his own interests." *Hodges v. Mayes*, 240 Ga. 643, 644 (242 SE2d 160) (1978). Nevertheless, "although the principal may be relieved of liability in tort, equity will not allow him to be relieved of responsibility for misrepresentations of the dual agent upon which the other principal relied to his detriment when the action is in contract." *Home Materials v. Auto Owners Ins. Co.*, 250 Ga. 599, 603 (300 SE2d 139) (1983).

In the instant case, however, the record contains no evidence that Mount Vernon Insurance Agency acted as the agent of Southern General, or that the agency either had authority to bind Southern General or represented that it had such. In fact, as noted by the trial court, the policy issued by Southern General actually designated Mount Vernon Insurance Agency as the insured's agent. The appellants' contention thus fails for lack of any factual basis.

Moreover, we note that the application of estoppel as sought by the appellants would have the effect of expanding the coverage provided by the policy. " '(T)he doctrines of implied waiver and of estoppel, based upon the conduct or action of the insurer . . . , are not

available to bring within the coverage of a policy risks expressly excluded by its terms. (Cit.)' [Cit.]" *Savannah Laundry &c. Co. v. Home Ins. Co.*, 189 Ga. App. 420, 423 (376 SE2d 373) (1988).

3. The appellants next contend that the exclusion contained in Southern General's policy was void as against this state's public policy regarding compulsory liability insurance coverage. As noted by the Supreme Court in *Integon Indem. Corp. v. Canal Ins. Co.*, 256 Ga. 692, 693 (353 SE2d 186) (1987), "the advent of compulsory motor vehicle liability insurance in Georgia established a public policy of providing that innocent persons who are injured should have an adequate recourse for the recovery of their damages."

However, that Court noted further that in establishing the minimum coverages for motor vehicles, the legislature contemplated insurance policies which limit coverage to vehicles listed in the policy. Id. at 694. Similarly, we find no public policy violation where coverage for an otherwise insured vehicle is excluded when that vehicle is used to tow a trailer which is not like-insured.

"In theory, each car has an owner and thus each car involved in an accident has the minimum coverages required by the Georgia Code. The legislature could have designed the scheme to protect accident victims by requiring that no owner or other person operate a vehicle unless the owner or *other person* has insurance on the vehicle. Instead, the onus to procure insurance is put on the owner and others are prohibited from operating the vehicle until that is done." Id. at 693-694. The owner's failure to meet that burden in the instant case does not justify finding a violation of public policy in order to protect an injured party against such a failure.

### Case No. A93A1089

4. International Indemnity Company obtained summary judgment on the grounds that its business automobile policy issued to Rix limited coverage to vehicles listed in the policy and for which a premium was paid. It is undisputed that the policy in question specifically limited its coverage to the tractor owned and listed by Rix, i.e., the 1977 GMC model that was inoperable at the time of the collision. Inasmuch as the policy issued to Rix provided no coverage for the 1972 International tractor owned by West which Rix was driving at the time of the collision, the trial court properly granted summary judgment for International Indemnity Company. See *Chastain v. U. S. Fidelity &c. Co.*, 199 Ga. App. 86 (403 SE2d 889) (1991).

The appellant contends that some ambiguity over the coverage is created by the policy's truckers endorsement, which provides that "[t]he owner or anyone else from whom you hire or borrow a covered auto which is not a trailer is an insured while the covered auto: a. is

being used exclusively in your business as a trucker, *and* b. is being used pursuant to operating rights granted to you by a public authority." (Emphasis supplied.) However, because log trucks were specifically exempted from regulation by the Georgia Public Service Commission under OCGA § 46-1-1 (7) (C) (x), that standard provision in the truckers endorsement has no application in this case, and thus supplies no ambiguity to the coverage provided under the insurance policy.

*Judgments affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 5, 1993.

*W. McMillan Walker, Richard P. Schultz, Sarah M. Tipton-Downie, Steven H. Ballard, Jones, Hilburn, Claxton & Sanders, James V. Hilburn, Jacquelyn M. Sanders,* for appellant.

*Newton, Smith, Durden, Kaufold & Rice, Jiles M. Barfield,* for appellee (case no. A93A1088).

*Caswell & Taylor, Stephen J. Caswell,* for appellee (case no. A93A1089).