## A94A0166. FEDERATED MUTUAL INSURANCE COMPANY v. DUNTON.

(444 SE2d 123)

BEASLEY, Presiding Judge.

Defendant/third-party plaintiff Dunton, while operating a truck owned by his employer, Symbolet Corporation, was involved in a collision with a vehicle operated by plaintiff Conkling. Before the collision, Dunton had asked his employer about coverage on the truck, was told it was covered, and was shown the insurance card. Conkling and his insurance company sued Dunton and Symbolet. Symbolet has declared bankruptcy, had no insurance in effect at the time of the collision, and the corporation's principal cannot be located.[1] Dunton looked to his personal automobile insurer for liability coverage and defense. He was informed that the insurer did not consider itself obligated because of a clause in the insurance contract that excluded coverage for the insured using a vehicle while "employed or otherwise engaged in any 'business.' "[2] Dunton rejected this position and named Federated Mutual as a third-party defendant in the suit. The denial of Federated's motion for summary judgment is the subject of this appeal, which we permitted.

Federated enumerates two errors: 1) the trial court's conclusion that Federated had a duty to defend, and 2) the trial court's conclusion that the exclusion clause violated Georgia's public policy. Because Federated's arguments that it had no duty to defend rest upon the exclusion clause, we first examine whether the clause violates public policy.

1. The argument that an automobile insurance policy's exclusions might offend public policy "stem[s] from the legislature's enactment

---

[1] Competent evidence as to Symbolet's insurance and bankruptcy status was not before the trial court, although Dunton had requested a continuance under OCGA § 9-11-56 (f) to secure the evidence. Denial of the motion rendered the request for continuance moot.

[2] There are certain exceptions not applicable here.

of the mandatory insurance statute." *Stepho v. Allstate Ins. Co.*, 259 Ga. 475, 476 (1) (383 SE2d 887) (1989). See OCGA §§ 33-34-4; 40-9-34 (2); 40-9-37. The statute has the dual purpose of protecting both "the innocent victims of the negligent members of the motoring public [cit.] . . . [and] the insured from unfair exposure to unanticipated liability." *Stepho*, supra at 476 (1). Each exclusion "must be individually evaluated to determine whether [it is] against public policy. [Cit.]" *Southern Guaranty Ins. Co. v. Federated Risk Mut. Ins. Co.*, 257 Ga. 355, 356 (359 SE2d 665) (1987). The question is "whether in the context of [each] case the exclusion either unfairly penalizes innocent victims or unfairly exposes the insured to liability." Id. "This results in a basic rule that if either of the interests dealt with . . . is left unprotected, the exclusionary clause in the insurance contract offends public policy. This rule, of course, does not apply when neither the injured party nor the unsuspecting insured is left unprotected." *Stepho*, supra at 476 (1).

In this case, both the interests implicated are unprotected. Conkling cannot be compensated by Symbolet and is now forced to look to Dunton and his insurer for compensation. Dunton is exposed to unanticipated liability; he reasonably expected that his employer's insurance would cover his actions. Given the investigation he undertook before driving his employer's vehicle, his exposure to liability must be considered unfair.

To give effect to the exclusionary clause would result in no insurance fund available to cover Dunton's or Symbolet's liability to Conkling. This case differs from those which have found exclusionary clauses valid when there are additional funds which could protect the injured party.[3] See *Stepho*, supra at 476-477 (1); *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335, 341 (1) (329 SE2d 136) (1985); *Anderson v. Southeastern Fidelity Ins. Co.*, 251 Ga. 556, 557 (307 SE2d 499) (1983); *Dairyland Ins. Co. v. Blaylock*, 193 Ga. App. 175, 177 (2) (387 SE2d 405) (1989). Compare *Integon Indem. Corp. v. Canal Ins. Co.*, 256 Ga. 692 (353 SE2d 186) (1987); *Travelers Ins. Co. v. Progressive Preferred Ins. Co.*, 193 Ga. App. 864 (389 SE2d 370) (1989).

Federated points to *Kilgore v. Southern Gen. Ins. Co.*, 210 Ga. App. 434 (436 SE2d 547) (1993), for the proposition that public policy is only concerned with the owners of vehicles: " 'the onus to procure insurance is put on the owner and others are prohibited from operating the vehicle until that is done.' [Cit.] The owner's failure to meet that burden *in the instant case* does not justify finding a violation of public policy in order to protect an injured party against such a fail-

---

[3] The record does not reveal any other fund from which compensation to Conkling could be supplied.

ure." (Emphasis supplied.) Id. at 436 (3). *Kilgore* by its very language limits itself to its specific facts, as is appropriate in examining an exclusionary clause. See *Southern Guaranty*, supra at 356. *Kilgore* did not deal with a business exclusion clause. The owner of a tractor used for towing lent the tractor to another who towed a trailer not "like-insured" as required by the policy covering the tractor. Id. at 434 (1). The borrower of the tractor had a policy limiting his coverage to his own tractor, which he could not use at the time. Id. at 436 (4).

There is a primary distinction between *Kilgore* and this case. The insureds in *Kilgore* had notice (actually or constructively) at the beginning of the trip ending in collision that their actions violated the terms of their policies. Dunton had inquired of his employer, was told that insurance would cover his actions, and was shown an insurance card. Dunton is an insured unfairly exposed to unanticipated liability, unlike the insureds in *Kilgore*.

Applying the principle that each case examining whether an exclusionary clause violates public policy must be determined on its own facts, *Southern Guaranty*, supra at 356, the exclusionary clause in this instance violates public policy. Because public policy has express limitations, however, the exclusionary clause is void only to the extent of the mandatory monetary requirements in effect at the time of the collision. See *Stepho*, supra at 477 (2).[4] The trial court's denial of summary judgment was correct, within the statutory limits.

2. Although void within the statutory requirements, the exclusionary clause may still affect liability above the minimum amounts.

The clause upon which Federated relies reads: "A. We do not provide Liability Coverage for any person: . . . 7. Maintaining or using any vehicle while that person is employed or otherwise engaged in any 'business' (other than farming or ranching) not described in Exclusion A.6. This exclusion (A.7) does not apply to the maintenance or use of a: a. private passenger auto; b. pickup or van that you own; or c. 'trailer' used with a vehicle described in a. or b. above."

Dunton argues that he was hired as a welder, was driving the truck that was involved in the collision only because his employer told him to go for some supplies, and was not engaged in his "usual primary or regular occupation" at the time of the collision. This, he maintains, makes the language of the "business" exclusion ambiguous under *State Farm Mut. Auto. Ins. Co. v. Seeba*, 209 Ga. App. 328 (433 SE2d 414) (1993).

The exclusionary clause in this case differs significantly from the

---

[4] The Supreme Court specifically left open the question of whether the statutory limitation would apply in a case where the interest protected is that of the insured. As noted above, this case implicates the interest of both the victim and the insured. Regardless, we see no reason to extend the public policy concerns beyond the monetary limits set by the legislature.

"car business" clause in *Seeba*. Id. at 329. Here, the clause was broader, specifically excluding coverage while "employed or otherwise engaged in any 'business' (other than farming or ranching) not described in [the preceding clause]."

It is undisputed that Dunton was employed by Symbolet and was driving a vehicle in furtherance of Symbolet's business when the collision occurred. There is no ambiguity.

The award of summary judgment is affirmed, to the extent of the statutorily determined monetary limits.

*Judgment affirmed in part and reversed in part. Andrews and Johnson, JJ., concur.*

DECIDED MAY 5, 1994.

*Alston & Bird, Gerald L. Mize, Jr., Lori G. Baer,* for appellant.
*Kenneth C. Pollock, Edward M. Harris, Jr.,* for appellee.