A94A0187. MEELER et al. v. NATIONAL INSURANCE ASSOCIATION.
(446 SE2d 738)

POPE, Chief Judge.

Plaintiff/appellee National Insurance Association ("NIA") filed this declaratory judgment action seeking a determination of its obligations under an automobile liability insurance policy issued to James E. Ramsey. Anita Meeler, on behalf of her daughter Natalie Meeler, a minor, ("defendants") filed a personal injury action against James Ramsey and his son, John Ramsey seeking to recover for injuries Natalie Meeler suffered while a passenger in a car driven by John Ramsey. Plaintiff and defendants filed separate motions for summary judgment. The trial court granted summary judgment to plaintiff and denied defendants' motion. Defendants appealed to this court, and we

reversed the trial court's judgment granting summary judgment to plaintiff "[d]ue to the absence of evidence [in the record on appeal] as to the terms of the contract [insurance policy] at issue." *Meeler v. Nat. Ins. Assn.*, 207 Ga. App. 133 (427 SE2d 103) (1993). Plaintiff and defendants subsequently filed renewed motions for summary judgment. The trial court again granted plaintiff's motion and denied defendants' motion. Defendants appeal from that order.

1. The record shows that plaintiff defended its insured in the original personal injury suit under a reservation of rights. Defendants argue plaintiff is estopped to deny coverage in this case because plaintiff did not "immediately" file its declaratory judgment action as required by *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215 (1) (231 SE2d 245) (1976). However, as our Supreme Court has held, "[t]he rule enunciated in *Richmond* is based on principles of fairness, and, in determining whether an insurer has met the requirements thereof, the crucial inquiry is whether the rights of the insured have been adequately protected." *Kelly v. Lloyd's of London*, 255 Ga. 291, 293-294 (336 SE2d 772) (1985). It is apparent from the record before us that the insured's rights were protected in this case, and the trial court thus did not err in deciding this issue adversely to defendants. See also *Southern Gen. Ins. Co. v. Buck*, 202 Ga. App. 103 (2) (413 SE2d 481) (1991) (declaratory judgment action filed 14 months after underlying tort claim did not demand conclusion that insurer waived right to seek a determination of coverage in the absence of showing of prejudice).

2. Contrary to defendants' assertions on appeal, plaintiff is not collaterally estopped from bringing this action to determine coverage on account of the denial of the insured's motion for summary judgment in the underlying tort action. " '[L]iability under the policy and the liability for negligence are indeed two separate transactions.' [Cit.]" *Colonial Penn Ins. Co. v. Hart*, 162 Ga. App. 333, 338 (6) (291 SE2d 410) (1982).

3. We have examined the provisions of the insurance policy at issue in this case and conclude that the trial court correctly granted summary judgment to plaintiff and denied defendants' motion for summary judgment on the issue of coverage. *Intl. Indem. Co. v. Keith*, 199 Ga. App. 171 (1) (404 SE2d 335) (1991); *Greenway v. Southern Gen. Ins. Co.*, 192 Ga. App. 674 (385 SE2d 793) (1989). The order of the trial court is thus affirmed.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED MAY 11, 1994 —
RECONSIDERATION DENIED JULY 25, 1994 — ▮▮▮▮▮▮▮▮▮

*Reynolds & McArthur, Bradley J. Survant*, for appellants.

*Dennis, Corry, Porter & Gray, William E. Gray II, Pamela J. Byrd*, for appellee.